IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

NOV 25 2013

J T NOBLIN CLERK
BY_____ DEPUTY

DOROTHY LEE, as Wife and Personal Representative
of the Wrongful Beneficiaries of JOHN MORRIS LEE, JR.
and ESTATE OF JOHN MORRIS LEE, JR., Deceased                    PLAINTIFFS

VERSUS                              CIVIL ACTION NO. 1:13CV441 HSO-RHW

JACKSON COUNTY MISSISSIPPI;
SHERIFF MIKE BYRD, Individually and in His Official Capacity
as Sheriff of Jackson County, Mississippi;
MAJOR BRIAN GRADY, Individually and in
His Official Capacity as Jail Administrator
for the Jackson County Adult Detention Center;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA; and
JOHN OR JANE DOES 1 - 15                                        DEFENDANTS

## COMPLAINT

### [JURY TRIAL DEMANDED]

COMES NOW the Plaintiff, DOROTHY LEE, as Wife and Personal Representative of

the Wrongful Beneficiaries of JOHN MORRIS LEE, JR., and the ESTATE OF JON MORRIS

LEE, JR. by and through her attorneys, DOUGLAS L. TYNES, JR. and JAMES L.

FARRAGUT, III, and would file this Complaint against the Defendants named herein, and in

support thereof present the following to wit:

### I.

### PARTIES

1.      Plaintiff, DOROTHY LEE, is an adult resident citizen of Jackson County,

Mississippi, and Wife of the Deceased, JOHN MORRIS LEE, JR.   Dorothy Lee is authorized to

bring this action as the Wife and a Wrongful Death Beneficiary of the Deceased, John Morris

Lee, Jr.  Further, Dorothy Lee is authorized to bring this action pursuant to Miss. Code Ann. §

1

11-7-13 on behalf of the Wrongful Death Beneficiaries, who are more specifically DOROTHY

LEE, Wife, and JOHN MORRIS LEE, III, Son, of the Decedent, JOHN MORRIS LEE, JR.

Plaintiff, ESTATE OF JOHN MORRIS LEE, JR. by and through the Administratrix and Next

Friend, DOROTHY LEE.

      2.      Defendant, JACKSON COUNTY, MISSISSIPPI, is a political subdivision within

the State of Mississippi, with the ability to sue and be sued, and which at all times relevant hereto

employed Defendants, Mike Byrd, Hope Thornton, and the as yet unidentified John or Jane Does

1-15. Defendant, Jackson County, Mississippi, may be served with process in the time and

manner provided by law.

      3.      Defendant, SHERIFF MIKE BYRD, is a person of full age and majority and a

citizen of and resides in the Southern District of Mississippi. At all pertinent and relevant times

herein, the said Mike Byrd was employed as the Sheriff of Jackson County, Mississippi, and was

granted and possessed the powers of supervision, training, and management over all detectives

and deputies of the Jackson County Sheriff's Department at the time of and prior to the incidents

complained of herein, and was acting and/or neglected to act in the course and scope of his

employment and under color of state law. Said Mike Byrd is made a defendant herein

individually and in his official capacity as the Sheriff of Jackson County, Mississippi.

Defendant, Mike Byrd, may be served process of this Court in the time and manner provided by

law at his place of employment located at 3104 Magnolia Street, Pascagoula, Mississippi, or

wherever he may be found.

      4.      Defendant, MAJOR BRIAN GRADY, is a person of full age and majority and a

citizen of and resides in the Southern District of Mississippi. At all pertinent and relevant times

herein, the said Major Brian Grady was employed as Jail Administrator of the Jackson County

2

Adult Detention Center for Jackson County, Mississippi, and was acting and/or neglected to act in the course and scope of his employment and under color of state law. Said Major Brian Grady is made a defendant herein individually and in his official capacity as Jail Administrator of the Jackson County Adult Detention Center for Jackson County, Mississippi. Defendant, Major Brian Grady, may be served process of this Court in the time and manner provided by law at his place of employment located at 1719 Kenneth Avenue, Pascagoula, Mississippi, or wherever he may be found.

5.     Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a surety corporation registered to do business in Connecticut may be served with process in the time and manner required by law by service upon its registered agent with the Mississippi Insurance Department, Charles A. Brewer, 506 South President Street, Jackson, MS 39201.

6.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as JOHN OR JANE DOES 1-15, inclusive, and therefore sue these Defendants by such fictitious names and capacities. Plaintiff will amend this complaint to allege the true names and capacities of these John or Jane Does when ascertained. Plaintiff is informed and believes and on that basis alleges that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries were proximately caused by the conduct of each such Defendant.

7.     As a matter of federal law, Defendants Mike Byrd and Jackson County, Mississippi, are liable for their own actions, and Jackson County, Mississippi, is liable for its actions as final policy makers. As a matter of state law, Defendants Mike Byrd and Jackson County, Mississippi, are liable for their own actions and are vicariously liable for the actions of

Defendants Major Brian Grady and the as yet unidentified Defendants John or Jane Does 1-15. Also, as a matter of state law, Jackson County, Mississippi, is vicariously liable for the actions of Defendant, Mike Byrd.

8.      At all times relevant hereto the Defendants, acting individually and in concert with each other, as set forth herein below, acted unreasonably and with deliberate indifference to, and in reckless disregard for the constitutional rights and civil rights of Plaintiff, and thereby did inflict, allow to be inflicted and failed to prevent the infliction of injuries suffered by Plaintiff, all accomplished under color of law, and the Defendants are therefore liable unto Plaintiff for the acts and omissions set out herein.  The injuries to Plaintiff, in addition to the deliberate acts pleaded herein, were readily foreseeable by each Defendant as the obvious consequence of their deliberate actions.  In other words at all times pleaded herein it was clearly obvious to all Defendants that the harm which occurred to Plaintiff, would occur sooner or later to a citizen of Jackson County, absent remedial action on the part of Jackson County, Mississippi, acting through its agents, who, despite its knowledge failed to act.

9.      Whenever and wherever reference is made in this complaint to any act by a Defendant and/or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

**II.**

**JURISDICTION AND VENUE**

10.      This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. 1343(a)(3) (Civil Rights), the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and due to supplemental jurisdiction over the state law claims, and personal jurisdiction as the Defendants are residents or entities

4

located within the jurisdiction of this Court.

11.     Venue in this case is proper in this Court pursuant to 28 U.S.C. § 1391, because the conduct, acts and/or omissions upon which this cause of action is based occurred in Jackson County, Mississippi, which is completely within the jurisdiction of the United States District Court for the Southern District of Mississippi, Southern Division, and this case involves federal questions of law.

## III.

## FACTS GIVING RISE TO CAUSE OF ACTION

12.     At all times relevant hereto the Defendants, acting individually and in concert with each other, as set forth herein below, acted unreasonably and with deliberate indifference to, and in reckless disregard for the constitutional rights of and the civil rights of the Decedent, John Morris Lee, Jr.

13.     On or about December 4, 2012, John Morris Lee, Jr., the Decedent, was arrested for shoplifting and was detained in the Jackson County Adult Detention Center.  John Morris Lee, Jr. held the legal status of a "pre-trial detainee" and had not been convicted of the crime for which he had been arrested.

14.     Upon information and belief, John Morris Lee, Jr. ("Lee") was known to the staff at the Jackson County Adult Detention Center, as he had been detained at the facility on more than one occasion in the past on other charges.

15.     John Morris Lee, Jr. suffered from seizures which required prescription medication to prevent the seizures.  The staff of the Jackson County Adult Detention Center, including medical and/or healthcare personnel, knew or should have known of Lee's medical condition due to his prior periods of detention at the facility.  Thus, the Defendant, Grady, and

5

other staff of the Jackson County Adult Detention Center knew or should have known that John Morris Lee, Jr. suffered from severe seizures and seizure activity, and that he needed daily prescription medication to control his conditions and to prevent seizures.

16.     The Defendants, Sheriff Mike Byrd, Major Brian Grady, and certain unknown John or Jane Does 1-15, who upon information and belief are employees or staff of the Jackson County Adult Detention Center, and the Jackson County Sheriff's Department, provided John Morris Lee, Jr. with his prescribed seizure medication during his previous detentions at the facility; however, during the detention commencing on December 4, 2012, the Defendants failed and refused to provide John Morris Lee, Jr. with his necessary medication despite repeated requests by Lee for his medication and warnings of the potential death as a result of not getting his medications.

17.     During Lee's detention at the Jackson County Adult Detention Center after his arrest on December 4, 2012, the Defendants failed and refused to provide Lee any of his medications. John Morris Lee, Jr. sent several written requests, otherwise known as "kites," to the proper employees of the Jackson County Adult Detention Center requesting his seizure medication. Further, Lee notified the proper employees of the Jackson County Sheriff's Department through prisoner request forms or "kites" of the possible deadly nature of his condition if he did not take his prescribed seizure medication. Defendants intentionally and willfully disregarded and ignored each such request and failed to provide Lee with any medical treatment at all despite the requests and his debilitating condition.

18.     Upon information and belief, standard, commonly accepted practice regarding inmates and detainees health needs, traditionally consists of twice daily rounds by a nurse to deliver medication to the detainees. However, no medication was ever provided to Lee for his

seizure disorder.  Further, upon information and belief, the Jackson County Adult Detention Center Facility and the employees of the Jackson County Sheriff's Department made a common practice of withholding medication from detainees at the Jackson County Adult Detention Center.

19.     Throughout Lee's detention at the Jackson County Adult Detention Center from December 4, 2012, until his death on February 24, 2013, Lee made continued efforts to obtain his seizure medication, but his requests for medical care went unanswered by the Defendants, who intentionally and/or negligently failed and refused to provide the requested prescription medication to Lee, or provide Lee with any medical treatment whatsoever.

20.     The Defendants' actions show deliberate indifference to the medical and health related needs of John Morris Lee, Jr.  Further, the Defendants' actions and/or inactions amounted to deliberate indifference to the health and medical needs of John Morris Lee, Jr. The denial of needed and necessary medical care and treatment to Lee amounted to willful, wanton and intentional infliction of pain and suffering that constituted cruel and unusual punishment resulting in a gross deprivation of federal and state rights, privileges, protections, and immunities afforded to Lee under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

21.     The Defendants' disregard for the health and well-being created a substantial risk of serious harm and/or risk of serious bodily injury or death and negligent, gross negligent, and intentional infliction of pain and suffering to Lee by the denial and/or delay of needed medical treatment and medication.

22.     During the early morning hours of February 24, 2013, John Morris Lee, Jr. began suffering from numerous severe seizures where seizures every few minutes.  Lee began

having difficulty breathing and began gasping for air during each such seizure, yet the Defendants failed and refused to assist Lee or provide any type of medical care to him. Several employees of the Jackson County Adult Detention Center were aware of Lee's grave condition and failed to render any type of medical aid to Lee.

23.     After a prolonged period of time passed, a supervisor of the Jackson County Adult Detention Center became aware of Lee's condition and called for emergency medical care when Lee became completely incapacitated for over fifteen minutes. When Lee arrived at Singing River Hospital's emergency room, his condition had deteriorated to such an extent that lifesaving measures could not revive him, and Lee was pronounced dead at 8:23 a.m. As a direct and proximate result of the acts and/or omissions of the Defendants, including certain unknown John or Jane Does 1-15, who are employees, operators, staff, agents, and/or contractors of the Jackson County Adult Detention Center and/or the Jackson County Sheriff's Department.

24.     Upon information and belief, in an attempt to conceal the nature of Lee's death, the Jackson County Sheriff's Department issued false and misleading information regarding Lee's death.

25.     Defendant, Sheriff Mike Byrd, also released a statement through the Jackson County Sheriff's Department that the staff of the Jackson County Adult Detention Center sent a facsimile to Singing River Hospital two days prior to Lee's death that allegedly requested medication for Lee.

26.     At all times during John Morris Lee, Jr.'s detention at the Jackson County Adult Detention Center, the Defendants were acting under color of authority of the laws and regulations of the State of Mississippi and Federal law and pursuant to policies and procedures

8

of the Jackson County Sheriff's Office.

27.     Defendant, Sheriff Mike Byrd, and the Jackson County Sheriff's Office, had a policy in place that allowed its agents and employees to refrain from action and to act with deliberate, reckless, and callous indifference to the constitutional rights and other rights protected by law of individuals detained at the Jackson County Adult Detention Center, thus directly causing the death of John Morris Lee, Jr.

28.     Upon information and belief, Defendants, Jackson County, Mississippi, and Mike Byrd, Major Brian Grady, as well as other unknown individuals labeled herein as John or Jane Does 1-15, intentionally violated the rights of John Morris Lee, Jr., Deceased.

29.     Defendants, Sheriff Mike Byrd, Major Brian Grady, and/or certain as yet unidentified John or Jane Does 1-15, and other members of the Jackson County Sheriff's Department and the Jackson County Adult Detention Center, acting in the course and scope of their employment with Jackson County, Mississippi, engaged in a course of conduct that resulted in or caused a violation of the civil rights and wrongful death of John Morris Lee, Jr.  This conduct by Defendants, Sheriff Mike Byrd, Major Brian Grady, and/or certain as yet unidentified John or Jane Does 1-15, and other members of the Jackson County Sheriff's Department and/or the Jackson County Adult Detention Center, was the proximate and sole cause of the death of John Morris Lee, Jr., Decedent, and the damages and losses sustained in this matter.

30.     Defendants, Major Brian Grady, and certain unknown John or Jane Does 1-15, and other deputies involved in the events described herein, were either directed or allowed by Sheriff Mike Byrd to ignore the basic needs and medical care and treatment of John Morris Lee, Jr. without repercussion in violation of state and federal law.

31.     The Jackson County Sheriff, Mike Byrd, created and maintained a culture, pattern

and practice of ignoring inmates' and detainees' medical needs and requests for medical treatment in the Jackson County Adult Detention Center and violating inmates' and detainees' constitutional rights, both state and federal, which created policies, practices and procedures that led to the violation of the Mississippi and United States Constitutional rights of John Morris Lee, Jr., Deceased.

32.     Defendant Mike Byrd, as Sheriff of Jackson County, was responsible for the hiring, firing, training, supervision, discipline, administration, policies, customs, practices, operations, management and control of the Jackson County Sheriff's Department, including the Jackson County Adult Detention Center, and its deputies and other employees, including Defendants Major Brian Grady, and certain as yet unknown John or Jane Does 1-15. As such, Defendant Mike Byrd, during his tenure and at the time of the matters herein complained of, was the final policy maker for the Jackson County Sheriff's Department and the Jackson County Adult Detention Center in the areas of law enforcement, operation of the jail, maintaining qualified individuals to care for and look after the health, safety, and welfare of inmates and detainees of the Jackson County Adult Detention Center, including making sure the medical needs of the inmates and detainees are seen to, and employment, training, and supervision of deputies and other employees of the Jackson County Sheriff's Department and the Jackson County Adult Detention Center.

33.     Defendant, Mike Byrd, as Sheriff of Jackson County, failed to properly train, supervise, and discipline his employees in the proper policies, customs, practices, operations, and management that were required by the laws and Constitutions of the State of Mississippi and the United States.

34.     Upon information and belief, Defendants, Jackson County, Mississippi, and the Jackson County Sheriff, Mike Byrd, in his individual and official capacities, had policies, practices or customs in place which caused, ratified and/or furthered the violation of Plaintiff's rights as described herein.  Plaintiff accordingly seeks redress under 28 U.S.C. § 1983 for Defendant, Jackson County, Mississippi's, and the other Defendants' violation of Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

35.     Defendant, Mike Byrd, individually and in his official capacity, established customs, policies and practices which directly and proximately caused the deprivation of the civil and constitutional rights of John Morris Lee, Jr., Deceased, as alleged herein, and the damages, emotional and mental pain and distress, and suffering of John Morris Lee, Jr.

36.     Additionally, Defendant, Jackson County, Mississippi, has overall responsibility for the Jackson County Sheriff's Department and the Jackson County Adult Detention Center.

37.     At all times pertinent herein the Defendants, each and all, acted willfully, maliciously, wantonly, unreasonably, recklessly, and with deliberate indifference to, and with intentional and wanton disregard of the constitutional and civil rights of John Morris Lee, Jr.

38.     The Defendants, acting individually and together, under color of law, engaged in a course of conduct, and conspired together, to deprive John Morris Lee, Jr. of his rights under federal and state law.

39.     The Defendants acting individually and together, under color of law, engaged in a course of conduct which caused the emotional, mental and physical pain and suffering, wrongful death, and damages of John Morris Lee, Jr., and violated his rights as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

11

40.     The Defendants are liable unto your Plaintiff jointly and severally for the wrongful acts complained of herein.

41.     Defendant, Jackson County, Mississippi, is liable for the actions of the Defendant, Sheriff Mike Byrd, in his official and/or individual capacity, since he was an elected county official with final policy making authority over the matters raised in this civil action. Defendant, Jackson County, Mississippi, is also liable for the actions of all other Defendants in their official and/or individual capacities as employees of the Jackson County Sheriff's Department.

42.     The actions of the Defendants were willfully in violation of Plaintiff's federally protected rights, and said willful and reckless actions justify the imposition of punitive damages.

43.     The Defendant, Travelers Casualty and Surety Company of America, is liable to the Plaintiff for the unconstitutional and illegal acts of Defendant, Mike Byrd, as surety on his bond. The Plaintiff brings suit on the Defendant, Mike Byrd's, bond in the name of the State of Mississippi for its use and benefit.

## IV.

### COUNT ONE - 42 U.S.C. § 1983, 1985 and 1988

44.     Plaintiff re-alleges paragraphs 1 through 43 of this Complaint and incorporates them herein by reference.

45.     Defendants, Mike Byrd, Major Brian Grady, and the as yet unidentified John or Jane Does 1-15, acted under color of law but contrary to law, and intentionally and unreasonably deprived John Morris Lee, Jr., Deceased, of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, 1985 and 1988, including: a. Plaintiff's right not to be deprived of liberty without due process of law, as guaranteed by Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

12

46.    At all times material hereto, the Defendants were vested with the state authority and the non-delegable responsibility and duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi.  Consequently, while acting under color of state law, the Defendants commenced to implement a policy, custom, usage, or practice wherein the rights, privileges, or immunities of the Decedent, John Morris Lee, Jr., were violated.  Specifically, the Defendants, joint and severally, engaged in a course of conduct that resulted in the violation of John Morris Lee, Jr.'s right to be free from unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States of America, and corresponding provisions of the Constitution of the State of Mississippi; the right to equal protection of the laws of the United States of America, pursuant to the Fourteenth Amendment of the Constitution of the United States of America, and corresponding provisions of the Constitution of the State of Mississippi; the right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and corresponding provisions of the Constitution of the State of Mississippi; and the right against cruel and unusual punishment as secured by the Eighth Amendment to the Constitution of the United States of America.

47.    It is further averred that Defendants, Sheriff Mike Byrd and Major Brian Grady, were the governmental officials whose edicts or acts may fairly be said to represent official policy, practices, customs, usage, or regulations of the Jackson County Sheriff's Office, the Jackson County Adult Detention Center, and therefore of Defendant, Jackson County, Mississippi.  The aforementioned Defendants collectively and individually developed, planned, and/or implemented the policies and/or customs that resulted in and caused the death of John Morris Lee, Jr.

13

48.     As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived the Decedent, John Morris Lee, Jr., of certain rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Mississippi, the Decedent, John Morris Lee, Jr., suffered immediate and irreparable injury to his person resulting from the deprivation of his constitutional rights, privileges, and immunities, and ultimately resulting in his wrongful death.  However, while alive, the Decedent, John Morris Lee, Jr., experienced pain and suffering, humiliation, mental distress, and severe emotional anguish.

49.     Plaintiff requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988 or any other statute or common law.

## COUNT TWO - FOURTEENTH AMENDMENT (Due Process)

50.     Plaintiff re-alleges paragraphs 1 through 49 of this Complaint and incorporates them herein by reference.

51.     The Fourteenth Amendment to the United States Constitution operates legally to make the Eight Amendment prohibition against cruel and unusual punishments applicable to pretrial detainees such as the Decedent, John Morris Lee, Jr.   Thus, the United States Constitution, the Mississippi Constitution, the Statutes and law of the State of Mississippi, and the policies and procedures of the Jackson County Adult Detention Center imposes certain duties on prison officials to provide humane conditions of confinement and to take reasonable steps to guarantee the safety of pretrial detainees.  At all times herein mentioned, the Defendants were legally obligated to safely detain and to protect the welfare and safety of all prisoners and detainees, including John Morris Lee, Jr.

14

52.     The Defendants and/or their agents, servants and employees, knowingly and willfully failed to provide the necessities of life and medical assistance to John Morris Lee, Jr., a pretrial detainee, in a timely manner, thereby depriving John Morris Lee, Jr. of his civil rights secured by the Constitution and laws of the United States of America as well as the Constitution and laws of the State of Mississippi. This deprivation of Lee's rights includes the Defendants' failure to provide adequate supervision, security, and the necessities of life, including necessary prescription medication, and failing to provide necessary medical care, and/or providing improper training and management of Defendants' agents, servants and employees.    The Defendants knew of or should have known of Lee's medical history, and disregarded an excessive risk to the Lee's health, safety, and well-being, and showed deliberate indifference to Lee's serious medical needs by failing to provide him with necessary prescription medication for his epilepsy.

53.     That John Morris Lee, Jr. was never provided with his required epilepsy medication over a period in excess of two months while being detained at the Jackson County Adult Detention Center, despite Lee's repeated efforts and requests for the medicine, and the Defendants and certain John or Jane Does 1-15, who upon information and belief are staff of the Jackson County Adult Detention Center, initially refused to help Lee and/or delayed in providing medical assistance to Lee after he started having seizures, demonstrates deliberate and callous indifference on the part of the Defendants in all their actions and inactions that directly or proximately caused the death of John Morris Lee, Jr.  Defendants' failure to provide Lee's epilepsy medication, their failure to provide any positive medical treatment to Lee, and the Defendants' deprivation of the necessities of life constituted a course of medical care so clearly inadequate as to amount to refusal to provide essential care.

15

54.     Defendants, Sheriff Mike Byrd, Major Brian Grady, Administrator of the Jackson County Adult Detention Center, and certain John or Jane Does 1-15, who upon information and belief are deputies, jailors, and/or medical healthcare providers of the Jackson County Adult Detention Center, are individually liable as their actions, under color of the laws and regulations of the United States of America, the State of Mississippi, and the Jackson County Sheriff's Office, were deliberately indifferent to a substantial risk of serious harm to the Decedent, John Morris Lee, Jr., and they are liable for punitive damages as their conduct constitutes reckless or callous indifference to the federally protected rights of Lee and others.

55.     The governmental entity, Jackson County, Mississippi, is also liable since the actions set forth hereinabove were carried out pursuant to the policies or customs of the Jackson County Sheriff's Office, and said policies or customs were the moving force behind the constitutional violation of rights of Lee and other detainees and inmates of the Jackson County Adult Detention Center. Jackson County is also liable for the actions of its requisite policymaker, Sheriff Mike Byrd, who implemented the policies at issue, and who thus played a direct role in the death of John Morris Lee, Jr.

## COUNT THREE - EIGHTH AMENDMENT

### (Prohibition Against Cruel and Unusual Punishments)

56.     Plaintiff re-alleges paragraphs 1 through 55 of this Complaint and incorporates them herein by reference.

57.     To the extent applicable herein, the Eighth Amendment to the United States Constitution's prohibition on cruel and unusual punishments prohibits conditions of confinement that pose unreasonable threats to the health of inmates and pre-trial detainees. Defendants violated the rights of John Morris Lee, Jr. through their deliberate and callous indifference to Lee's serious medical condition and his basic needs and directly contributed to and/or caused Lee's death.

16

58.     The Defendants, and their agents, servants and/or employees, knowingly and willfully failed to provide the necessities of life and medical assistance to John Morris Lee, Jr., a pre-trial detainee, in a timely manner, thereby depriving Lee of his civil rights secured by the Constitution and Laws of the United States as well as the Constitution and Laws of the State of Mississippi. This deprivation of Lee's rights includes the Defendants' failure to provide adequate supervision, security, and the necessities of life, failure to provide necessary medical care and medication, and/or providing improper training and management of Defendants' agents, servants and employees. The Defendants knew, or should have known, of Lee's medical condition and need for his epilepsy medication, and disregarded an excessive risk to Lee's health and safety, and showed deliberate indifference to Lee's serious medical needs.

59.     That John Morris Lee, Jr. was never provided with his required epilepsy medication over a period in excess of two months while being detained at the Jackson County Adult Detention Center, despite Lee's repeated efforts and requests for the medicine, and the Defendants and certain John or Jane Does 1-15, who upon information and belief are staff of the Jackson County Adult Detention Center, initially refused to help Lee and/or delayed in providing medical assistance to Lee after he started having seizures, demonstrates deliberate and callous indifference on the part of the Defendants in all their actions and inactions that directly or proximately caused the death of John Morris Lee, Jr.  Defendants' failure to provide Lee's epilepsy medication, their failure to provide any positive medical treatment to Lee, and the Defendants' deprivation of the necessities of life constituted a course of medical care so clearly inadequate as to amount to refusal to provide essential care.

60.     Defendants, Sheriff Mike Byrd, Major Brian Grady, Administrator of the Jackson County Adult Detention Center, and certain John or Jane Does 1-15, who upon information and belief are deputies, jailors, and/or medical healthcare providers of the Jackson County Adult

17

Detention Center, are individually liable as their actions, under color of the laws and regulations of the United States of America, the State of Mississippi, and the Jackson County Sheriff's Office, were deliberately indifferent to a substantial risk of serious harm to the Decedent, John Morris Lee, Jr., and they are liable for punitive damages as their conduct constitutes reckless or callous indifference to the federally protected rights of Lee and others.

61.     The governmental entity, Jackson County, Mississippi, is also liable since the actions set forth hereinabove were carried out pursuant to the policies or customs of the Jackson County Sheriff's Office, and said policies or customs were the moving force behind the constitutional violation of rights of Lee and other detainees and inmates of the Jackson County Adult Detention Center. Jackson County is also liable for the actions of its requisite policymaker, Sheriff Mike Byrd, who implemented the policies at issue, and who thus played a direct role in the death of John Morris Lee, Jr.

## COUNT FOUR - 42 U.S.C. § 1983, 1985 and 1988 (Violation of Civil Rights)

62.     Plaintiff re-alleges paragraphs 1 through 61 of this Complaint and incorporates them herein by reference.

63.     Defendants, Jackson County, Mississippi, Sheriff Mike Byrd, Major Brian Grady, and certain as yet unidentified John or Jane Does 1-15 acted under color of law.

64.     Defendants' conduct under the code of law violated Plaintiff's right to be free from unreasonable seizure, right to due process of law, and the violation of the prohibition on cruel and inhuman punishment as secured by the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States.

65.     Prior to the events described herein, the Defendants developed and maintained policies, practices and/or customs exhibiting deliberate indifference to violations of the constitutional rights of citizens and detainees of the Jackson County Adult Detention Center.

66.     Defendant, Sheriff Mike Byrd, in his official and individual capacities, failed to adequately and properly supervise and train the deputies and other employees of the Jackson County Sheriff's Department and the Jackson County Adult Detention Center in various aspects of law enforcement procedure and substance, including, but not limited to the lawful exercise of police power.

67.     The above-described acts and omissions by the Sheriff and the other Defendants at the direction of the Sheriff demonstrated a deliberate indifference to the constitutional rights of citizens and inmate of the Jackson County Adult Detention Center, and were the cause of the violations of John Morris Lee, Jr.'s rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States of Constitution.

68.     As a result of Sheriff, and his department's violations of Plaintiff's constitutional rights, John Morris Lee, Jr. suffered substantial injuries, damages, and death.

69.     During the events alleged in the Complaint, Defendants, Mike Byrd, Major Brian Grady, and the as yet unidentified John or Jane Does 1-15, acted in concert, within the scope of their employment and under color of law.

70.     The Decedent, John Morris Lee, Jr., exercised his rights under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and under the laws and Constitution of the State of Mississippi.

71.     Defendants unlawfully and unreasonably deprived John Morris Lee, Jr. of his life by failing to provide necessary and essential prescription medication.

72.     Defendants acted in concert and deprived John Morris Lee, Jr. of his rights under the U.S. Constitutional and Federal Statutes.

73.     Defendants violated 42 U.S.C. § 1983; Defendants' conduct operated to deprive John Morris Lee, Jr. of his rights guaranteed by the United States Constitution and Federal Statutes.

74.     As a direct a proximate result of the foregoing, Defendants deprived John Morris Lee, Jr. of his rights and privileges as a citizen of the United States, and Defendants caused the Plaintiff to suffer significant indignities, and to sustain shock and injury to his nervous system and person, and suffer injury and death, all of which has caused the general damages requested by Plaintiff in a sum which will be proven at trial.

## COUNT FIVE - 42 U.S.C. § 1983, 1985 and 1988

### (Violation of Fourth, Fifth, Eighth, and Fourteenth Amendments.)

75.     The Plaintiff re-alleges paragraphs 1 through 74 of this Complaint and incorporates them herein by reference.

76.     This cause arises under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

77.     Plaintiff's Constitutional rights that Defendants violated include the following:

    A.     Plaintiff's right to be free from unreasonable seizure pursuant to the Fourth and Fourteenth Amendments;

    B.     Plaintiff's right to due process of law protected by the Fifth and Fourteenth Amendment;

    C.     Plaintiff's right to be free from cruel and unusual punishment pursuant to the protections of the Eighth Amendment; and

    D.     Plaintiff's right to the equal protection of the laws of the United States of America, pursuant to the Fourteenth Amendment.

78.     Defendants Mike Byrd, Major Brian Grady, and the as yet unidentified John or Jane Does 1-15, and Jackson County's conduct was undertaken under color of law and operated to deprive John Morris Lee, Jr. of rights guaranteed by the United States Constitution as well as corresponding provisions of the Constitution of the State of Mississippi.

79.     As a direct and proximate result of the foregoing, Defendants deprived John Morris Lee, Jr. of his rights and privileges as a citizen of the United States, and Defendants caused the Plaintiff to suffer significant indignities, and to sustain shock and injury to his nervous system and person, and suffer injury and death, all of which has caused the general damages requested by Plaintiff in a sum which will be proven at trial.

### COUNT SIX - 42 U.S.C. § 1983, 1985 and 1988

### (Civil Conspiracy and Neglect)

80.     Plaintiff re-alleges paragraphs 1 through 79 of this Complaint and incorporates them herein by reference.

81.     The Civil Rights Act of 1966, as amended, 42 U.S.C. §1985 and §1986, prohibits conspiracies to interfere with civil rights.

82.     Defendants violated 42 U.S.C. § 1985 in that they entered into an agreement and combined among themselves and/or with others to engage in unlawful conduct, i.e. depriving John Morris Lee, Jr. of rights guaranteed to him under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution as well as corresponding provisions of the Constitution of the State of Mississippi.

83.     Defendants, Jackson County, Sheriff Mike Byrd, Major Brian Grady, and the as yet unidentified John or Jane Does 1-15, violated 42 U.S.C. § 1986 in that they, having knowledge that wrongs conspired to be done or should have had knowledge of such wrongs and

21

failed to prevent such wrongs, and mentioned in 42 U.S.C. § 1985, were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected and refused to do so.

84.     Defendants have each done or have caused to be done acts in furtherance of this conspiracy whereby John Morris Lee, Jr. was injured and deprived of rights guaranteed to him under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution as well as corresponding provisions of the Constitution of the State of Mississippi.

85.     Defendants, Jackson County, Sheriff Mike Byrd, Major Brian Grady, and the as yet unidentified John or Jane Does 1-15, each had actual knowledge of the conspiracies to deprive John Morris Lee, Jr. of his rights protected by 42 U.S.C. § 1985, or should have had knowledge, and each had the power and opportunity to prevent the violations from occurring and/or continuing to do so.

86.     However, neither the Sheriff Mike Byrd or Major Brian Grady, nor anyone else in a position of authority at the Jackson County Adult Detention Center did anything to thwart the conspiracy that deprived the Decedent of his constitutional rights.   Had these Defendants intervened, the Deceased, John Morris Lee, Jr., would still be alive today.

87.     As a direct and proximate result of the foregoing, Defendants deprived John Morris Lee, Jr. of his rights and privileges as a citizen of the United States, and Defendants deprived John Morris Lee, Jr. of his rights and privileges as a citizen of the United States, and Defendants, by and through their actions and/or inactions intentionally or through their own negligence, failed to expose, prevent or otherwise thwart the conspiracy to deprive the Deceased, John Morris Lee, Jr., and other persons similarly situated, of equal protections of the laws of this Nation and State notwithstanding the fact that they possessed the authority, power, and ability to

halt, annul, void, expose, intervene in or stop the violations before they occurred. Consequently, these Defendants caused the Plaintiff to suffer significant indignities, pain and suffering, and to sustain shock and injury to his nervous system and person, and suffer injury and death, all of which has caused the general damages requested by Plaintiff in a sum which will be proven at trial.

## COUNT SEVEN (Failure to Adequately Train and Supervise)

88.     Plaintiff re-alleges paragraphs 1 through 87 of this Complaint and incorporates them herein by reference.

89.     The Defendants, Jackson County, Mississippi, Sheriff Mike Byrd, Major Brian Grady, and certain as yet unknown John or Jane Does 1-15, failed to provide adequate and competent training and/or supervision to the deputies, staff, and/or employees of the Jackson County Adult Detention Center during the period of time in which John Morris Lee, Jr. was detained. The aforementioned Defendants are (and at the time Lee's death) tasked with the non-delegable duty and responsibility to formulate, oversee, and implement official policies, procedures, practices, and customs that are and were to be carried out at the Jackson County Adult Detention Center by the deputies, staff, and other employees there.

90.     As a direct and proximate consequence of the aforementioned Defendants' failure to properly develop, implement, and otherwise devise a policy of adequate police training and/or supervision, the Decedent, John Morris Lee, Jr., was deprived of certain constitutional rights, privileges, and immunities which, of properly trained and supervised, every deputy, staff member, and/or employee of the Jackson County Adult Detention Center would have known of the illegality of the conduct with regard to the Decedent, John Morris Lee, Jr., and the

subsequent death of Mr. Lee, and the corresponding deprivation of Lee's civil rights, privileges, and immunities who not have occurred.

91.     Failure to provide adequate training and supervision to the deputies, staff and employees of the Jackson County Adult Detention Center was so grossly negligent that it amounted to deliberate indifference and blatant disregard for the rights, privileges, and immunities of the Decedent, John Morris Lee, Jr., and any other person or persons similarly situated.  Thus, because of the failure to adequately train and supervise the deputies, staff, and employees of the Jackson County Adult Detention Center, the aforementioned Defendants are liable for John Morris Lee, Jr.'s death and the deprivation of civil rights associated therewith.

## COUNT EIGHT - (Jackson County, Mississippi).

92.     Plaintiff re-alleges paragraphs 1 through 91 of this Complaint and incorporates them herein by reference.

93.     Defendant, Jackson County, Mississippi, was at all times relevant to this action the employer of Defendants, Sheriff Mike Byrd, Major Brian Grady, and the as yet unidentified John or Jane Does 1-15.  Defendants, Byrd, Grady, and John or Jane Does 1-15, committed the acts alleged in this complaint in the course and within the scope of their employment.

94.     Defendant, Jackson County, Mississippi, is liable for the actions of the Defendant, Mike Byrd, in his official capacity, since he is an elected county official with final policy making authority over the matters raised in this civil action.

95.     The Defendant, Travelers Casualty and Surety Company of America, is liable to the Plaintiff for the unconstitutional and illegal acts of Defendant, Mike Byrd, as surety on his bond. The Plaintiff brings suit on the Defendant, Mike Byrd's, bond in the name of the State of Mississippi for its use and benefit.

24

96.     As a direct and proximate result of the Defendants actions, John Morris Lee, Jr. sustained emotional distress and mental anguish, humiliation, pain and suffering, and loss of his life, all of which were suffered by John Morris Lee, Jr., plus costs, interest, and actual attorney fees incurred on his behalf and on behalf of the wrongful death beneficiaries of John Morris Lee, Jr.. Plaintiff requests judgment against the Defendants.

97.     The actions of the Defendants were in willful violation of the federally protected rights of John Morris Lee, Jr., were willful and reckless, and justify the imposition of punitive damages.

### COUNT NINE (Respondeat Superior – Jackson County, Mississippi).

98.     Plaintiff re-alleges paragraphs 1 through 97 of this Complaint and incorporates them herein by reference.

99.     Defendants, Sheriff Mike Byrd, Major Brian Grady, and the as yet unidentified John or Jane Does 1-15, were at all times relevant to this action employees and agents of the Defendant, Jackson County, Mississippi.  Each of the above-named defendants was acting within the scope of their employment when they engaged in the actions described in this complaint. Therefore, all of the individual Defendants' acts and omissions are directly chargeable to Defendant, Jackson County, Mississippi, pursuant to the doctrine of respondeat superior.

100.    As a direct and proximate result of the Defendants' actions, John Morris Lee, Jr. sustained emotional distress and mental anguish, humiliation, pain and suffering, and loss of his life, all of which were suffered by John Morris Lee, Jr., plus costs, interest, and actual attorney fees incurred on his behalf and on behalf of the wrongful death beneficiaries of John Morris Lee, Jr. Plaintiff requests judgment against the Defendants.

### DAMAGES AND REMEDIES

101.    Plaintiff re-alleges paragraphs 1 through 100 of this Complaint and incorporates them herein by reference.

102.    As a direct and proximate result of the actions of these Defendants, Plaintiff is entitled to damages in an amount to be determined at the trial of this action. As a result of the violation of the constitutional and other rights of John Morris Lee, Jr., as set forth in this Complaint, Mr. Lee and/or his wrongful death beneficiaries suffered the following injuries and damages:

      (A)    Medical, doctor, hospital and related expenses;

      (B)    Funeral and related expenses;

      (C)    Decedent's pain and suffering;

      (D)    Loss of income of the decedent for his anticipated life-expectancy;

      (E)    Loss of companionship and consortium of the decedent for his anticipated life expectancy;

      (F)    Mental and emotional distress;

      (G)    Loss and/or diminution of decedent's estate;

      (H)    Attorney fees and costs under 42 U.S.C. § 1988(b), plus pre-judgment and post-judgment interest; and

      (I)    Any and all other damages available under federal and state law, in actions heretofore specified under the United States Constitution, the Mississippi Constitution, in wrongful death actions under federal and state law, including punitive and/or exemplary damages.

103.    The actions of the Defendants, and each of them, are malicious, unlawful, and/or so grossly negligent, and the Defendant's conduct involved such deliberate, callous and reckless

indifference as to make these Defendants liable to the Plaintiff for punitive damages. Likewise the deliberate indifference of Defendant, Jackson County, Mississippi, rises to a level of gross negligence and should subject it to punitive damages.

104.   Plaintiff alleges that the injuries and death sustained by the Decedent, John Morris Lee, Jr., were permanent and have had significant consequences on the lives of John Morris Lee, Jr. and his wrongful death beneficiaries.

105.   That the aforesaid damages to the Decedent, John Morris Lee, Jr., and his wrongful death beneficiaries were directly or proximately caused by the negligence, gross negligence, wanton and callous indifference, reckless disregard and/or malicious or intentional acts of the Defendants, thus, the Plaintiff is entitled to sue and recover damages proximately resulting therefrom, including compensatory damages, punitive damages, attorney's fees, pre-judgment and post-judgment interest, and such other relief as Plaintiff may be entitled to under the laws of the State of Mississippi and the United States of America.

WHEREFORE, PREMISES CONSIDERED, your Plaintiff, DOROTHY LEE, as Wife and Personal Representative of the Wrongful Beneficiaries of JOHN MORRIS LEE, JR., demands judgment of and from the Defendants in an amount that will reasonably compensate Plaintiff for injuries and/or damages and to punish Defendants in order to deter future wrongful conduct, with said damages to include compensatory damages of FORTY MILLION ($40,000,000.00) DOLLARS, punitive damages of FORTY MILLION ($40,000,000.00) DOLLARS, attorney's fees and costs of these proceedings pursuant to 42 U.S.C. § 1988 and any other statute or common law, pre-judgment and post-judgment interest, and such other relief as Plaintiff may be entitled to under the laws of the State of Mississippi and the United States of America, and any and all other relief this Honorable Court deems just, proper and equitable.

ON THIS the 25th day of November, 2013.

Respectfully submitted,
**DOROTHY LEE, as Wife and Personal Representative of the Wrongful Death Beneficiaries of JOHN MORRIS LEE, JR. and ESTATE OF JOHM MORRIS LEE, JR., Deceased**


BY: DOUGLAS L. TYNES, JR. (MSB # 101921)
JAMES L. FARRAGUT, III (MSB # 104496)


DOUGLAS L. TYNES, JR. (MSB # 101921)
Tynes Law Firm, P.A.
525 Krebs Avenue (39567)
Post Office Drawer 966
Pascagoula, MS 39568-0966
228.769.7736 Telephone
228.769.8466 Facsimile
monte@tyneslawfirm.com


JAMES L. FARRAGUT, III  (MSB # 104496)
FARRAGUT LAW FIRM, P.A.
1934 Old Mobile Highway
Post Office Box 1543
Pascagoula, MS 39568
(228) 762-4447 Telephone
(228) 769-9050 Facsimile
farragutlawfirm@hotmail.com