**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**DOROTHY LEE, as Wife and Personal Representative**
**of the Wrongful Death Beneficiaries of**
**JOHN MORRIS LEE, JR., the ESTATE**
**OF JOHN MORRIS LEE, JR., Deceased**
**and JOHN MORRIS LEE, III**                                                        **PLAINTIFFS**

**v.**                                                      **CIVIL ACTION NO. 1:13-CV-441-HSO-RHW**

**JACKSON COUNTY MISSISSIPPI,**
**TRAVELERS CASUALTY AND SURETY COMPANY**
**OF AMERICA, JONA CROWLEY, SID ROSS, KRISTI**
**TASSIN, JUNNA JACKSON, AND LINDA RICHARDSON**                  **DEFENDANTS**

---

**PLAINTIFFS' SECOND AMENDED COMPLAINT**
**JURY TRIAL DEMANDED**

---

COME NOW, Plaintiffs, Dorothy Lee, as Wife and Personal Representative of the Wrongful Death Beneficiaries of John Morris Lee, Jr., the Estate of John Morris Lee, Jr., and John Morris Lee, III (collectively "Plaintiffs"), and file this, their Amended Complaint against Defendants, Jackson County, Mississippi, Travelers Casualty and Surety Company of America, Jona Crowley, R.N., Dr. Sid Ross, Kristi Bourn, Kelli Tassin, Junna Jackson, and Linda Richardson.[1]  In support of their Amended Complaint, Plaintiffs state:

**I.**

**PARTIES**

1.      Plaintiff, Dorothy Lee, is an adult resident citizen of Jackson County, Mississippi and Wife of the deceased, John Morris Lee, Jr.  Dorothy Lee is authorized to bring this action as the Wife and Wrongful Death Beneficiary of John Morris Lee, Jr.  Further, Dorothy Lee is

---

[1] Any activity related to Travelers Casualty and Surety Company of America has been stayed by Order of the Court.

authorized to bring this action pursuant to Miss. Code Ann. § 11-7-13 on behalf of the Wrongful Death Beneficiaries of John Morris Lee, Jr., who are:  Dorothy Lee, as Wife, John Morris Lee, III, and; the Estate of John Morris Lee, Jr., by and through the Estate Administratrix, Dorothy Lee.

2.     John Morris Lee, III, is an adult resident of Jackson County, Mississippi, who is the biological son and heir of John Morris Lee, Jr.  As such, John Morris Lee, III is a Wrongful Death Beneficiary and is entitled to bring this action against Defendants.[2]

3.     Defendant, Jackson County, Mississippi ("Jackson County"), is a political subdivision within the State of Mississippi, with the ability to sue and be sued, and which at all times relevant hereto employed former Sheriff Mike Byrd and other employees of the Jackson County Sheriff's Department, including Defendants Crawley and Ross, who were tasked with the custody, control and medical care of Decedent, John Morris Lee, Jr. ("Decedent").

4.     Defendant, Jona Crowley is an adult resident of Jackson County, Mississippi who may be served with process of this Court at 1001 Belair St., Pascagoula, Mississippi, or any place she may be found.

5.     Defendant, Dr. Sid Ross is an adult resident citizen of Jackson County, Mississippi who may be served at his place of work, 4770 Amoco Dr., Moss Point, Mississippi, or any place he may be found.

6.     Defendant, Kristi Bourn is an adult resident citizen of Jackson County, Mississippi who may be served with process of this Court at 7217 Tanner Williams Rd,, Lucedale, MS 39452, or any place she may be found.

---

[2] John Morris Lee, III has retained the Mitchell Firm, PLLC, as his separate counsel in this matter.  John Morris Lee, III was allowed to intervene in this matter by Court Order on February 11, 2014.

7.      Defendant, Kelli Tassin is an adult resident citizen of Jackson County, Mississippi who may be served with process of this Court at 3840 Chaumont Cir, Ocean Springs, MS 39564, or any place she may be found.

8.      Defendant, Junna Jackson is an adult resident citizen of Mobile County, Alabama who may be served with process of this Court at 6775 Rylee Rd., Theodore, AL 36582, or any place she may be found.

9.      Defendant, Linda Richardson is an adult resident citizen of Jackson County, Mississippi who may be served with process of this Court at 4000 Katie St., Moss Point, MS 39563, or any place she may be found.

10.     Defendant Jackson County is the final policy maker for actions undertaken by the Jackson County Sheriff's Department.  At all relevant times hereto, Defendants acted unreasonably and with deliberate indifference to, and in reckless disregard to Decedent's constitutional and civil rights, and thereby allowed to be inflicted, and failed to prevent the infliction of, injuries to Decedent, all under color of law, and Defendants are therefore liable to Plaintiffs for these acts and omissions.  The injuries, in addition to the deliberate acts pleaded herein, were readily foreseeable by Defendants as the obvious consequence of their deliberate actions.  As the final policy maker, Jackson County had the power to take remedial action to prevent these injuries, but failed to take any action.

11.     Whenever and wherever reference is made in this Amended Complaint to any act by Defendant and/or Defendants, such allegation and references shall also be deemed to mean the acts and/or failure to act of each Defendant acting individually, jointly and/or severally.

**II.**

**JURISDICTION AND VENUE**

12.     This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1343(a)(3) (Civil Rights), and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the conduct, acts and/or omissions upon which this cause of action is based occurred in Jackson County, Mississippi, which is completely within the jurisdiction of the United States District Court for the Southern District of Mississippi, Southern Division, and this case involves questions of federal law.

### III.

### FACTS GIVING RISE TO CAUSE OF ACTION

14.      At all times relevant hereto, Defendants, acting individually and in concert with each other, acted unreasonably and with deliberate indifference to, and in reckless disregard for Decedent's constitutional and civil rights.

15.     On or about December 4, 2012, Decedent was arrested for shoplifting and was thereafter detained in the Jackson County Adult Detention Center ("ADC").  Decedent held the legal status of a pre-trial detainee and had not been convicted of the crime for which he had been arrested.

16.     Upon information and belief, Decedent was known to the staff at the ADC, as he had been detained at the facility on more than one occasion in the past on other charges.

17.     Decedent suffered from seizures, which required him to take prescription medication to prevent the onset of another seizure.  The ADC staff, including the medical and/or healthcare services personnel, knew or should have known of Decedent's medical condition due to his prior periods of detention at the ADC.  Therefore, Defendants knew, or should have known,

that Decedent suffered from severe seizures and seizure activity, and that he needed daily medication to control his known medical condition and to prevent further seizures.

18.     Defendants Crowley, Ross, Bourn, Tassin, Jackson, Richardson and other medical staff/personnel, upon information and belief, provided Decedent with his prescribed seizure medication during his previous periods of detention at the ADC; however, during the detention period beginning on December 4, 2012, Defendants failed and refused to provide Decedent with his necessary medication, despite his requests for medication and warnings to them of the potential for death as a result of not receiving his medication.

19.     During Decedent's detention at the ADC beginning in December, 2012, Defendants failed and refused to provide him any of his required medication.  Decedent sent several written requests, otherwise known as "kites," to the proper ADC staff (including the medical staff and/or medical personnel) requesting his seizure medication.  Defendants intentionally and willfully disregarded and ignored each such request and failed to provide Decedent with any medical treatment, despite his repeated requests and known medical condition.

20.     Upon information and belief, standard, commonly accepted practice regarding inmates' and pre-trial detainees' health needs traditionally consists of twice-daily rounds by a nurse to deliver medication to the inmates and pre-trial detainees.  No medication, however, was ever provided to Decedent for his seizure disorder.  Further, upon information and belief, the ADC and Jackson County Sheriff's Department personnel and employees made a common practice of withholding medication from ADC detainees.

21.     Throughout Decedent's detention at the ADC from December 4, 2012, until his death on February 24, 2013, Decedent made continued efforts to obtain his seizure medication, but his requests for medical care went unanswered by Defendants, who intentionally and/or

negligently failed and refused to provide the requested prescription medication to him, or provide him any medical treatment whatsoever.

22.     Defendants' actions show deliberate indifference to Decedent's medical and health-related needs.  Further, Defendants' actions and/or inactions amounted to deliberate indifference to Decedent's medical needs.  The denial of needed and necessary medical care and treatment amount to willful, wanton and intentional infliction of pain and suffering that resulted in a gross deprivation of Decedent's federal rights, protections, privileges and immunities afforded Decedent under the Due Process clause of the Fourteenth Amendment to the United States Constitution.

23.     Defendants' disregard for Decedent's health and well-being created a substantial risk of harm and/or risk of serious bodily injury or death, and the negligent, grossly negligent and intentional infliction of pain and suffering by the denial and/or delay of needed medical care and medical treatment.

24.     During the early morning hours of February 24, 2013, Decedent began suffering from numerous seizures every few minutes.  Decedent began having difficulty breathing and began gasping for air during each seizure, yet Defendants failed and refused to assist him or provide any type of medical care to him.  Several ADC employees were aware of Decedent's grave condition, but failed to render any type of medical aid to him.

25.     After a prolonged period of time passed, an ADC supervisor became aware of Decedent's dire medical condition and called for emergency medical care when Decedent became completely incapacitated for over fifteen minutes.  When Decedent arrived, via ambulance, at Singing River Hospital's E.R. department, his condition had deteriorated to such an extent that

lifesaving measures could not revive him; he was pronounced dead at 8:23 a.m.  As a direct and proximate result of Defendants' acts and/or omissions, Decedent died.

26.     Upon information and belief, and in an attempt to conceal the nature of Decedent's death, the Jackson County Sheriff's Department issued false and misleading information regarding Decedent's death.

27.     Former Sheriff Mike Byrd[3] also released a statement, through the Jackson County Sheriff's Department, that the ADC staff sent a facsimile to Singing River Hospital requesting medication for Decedent two days prior to Decedent's passing.

28.     At all times during Decedent's detention at the ADC, Defendants were acting under color of authority of the laws and regulations of the State of Mississippi and federal law, and acting pursuant to the policies and procedures promulgated and adopted by the Jackson County Sheriff's Department.

29.     Defendants, through the Jackson County Sheriff's Department, had a policy in place that allowed its agents and employees to refrain from action and to act with deliberate, reckless and callous indifference to the constitutional rights and other rights protected by law, of individuals detained at the Jackson County ADC; this policy and practice directly caused Decedent's death.

30.     Upon information and belief, Defendants intentionally violated Decedent's rights.

31.     Defendants Crowley, Ross, Bourn, Tassin, Jackson, and Richardson, acting in the course and scope of their employment, and under color of law, engaged in a course of conduct that resulted in, or caused a violation of, Decedent's civil rights, and which conduct resulted in

---

[3] Any references to Sheriff Mike Byrd are just that, a reference; Sheriff Byrd is not a Defendant in this litigation, after having been dismissed by Court order. Due to the nature of the allegations raised in the Amended Complaint, and the need to discuss the facts and circumstances giving rise to those allegations, it is necessary to refer to Sheriff Byrd by name.

Decedent's death.  This conduct was the proximate and sole cause of Decedent's death, and the damages and losses sustained in this matter.

32.     Defendants Crowley, Ross, Bourn, Tassin, Jackson, and Richardson, were either directed or allowed by the Jackson County Sheriff's Department to ignore Decedent's basic medical needs, medical care and medical treatment without repercussion, all in violation of state and federal law.

33.     The Jackson County Sheriff's Department created and maintained a practice of ignoring inmates' and pre-trial detainees' medical needs and requests for medical treatment in the ADC, which created policies, practices, customs and procedures that led to violations of Decedent's state and federal constitutional rights.

34.     Mike Byrd, as the former Sheriff of Jackson County, was responsible for the hiring, firing, training, supervision, discipline, administration, policies, practices, customs, operations, management and control of the Jackson County Sheriff's Department, the ADC and Defendants Crowley, Ross, Bourn, Tassin, Jackson, and Richardson.  As such, Sheriff Byrd, during his tenure and at the time of the facts giving rise to this lawsuit, was the final policy maker for the Jackson County Sheriff's Department and the ADC in the areas of law enforcement, jail operations, and maintaining qualified individuals to care for and look after the health, safety and welfare of inmates and pre-trial detainees at the ADC, including making sure inmates' and pre-trial detainees' medical needs were met.  Sheriff Byrd, and thus the Jackson County Sheriff's Department, was also responsible for the training and supervision of deputies, ADC staff, and the ADC medical staff.

35.     Sheriff Byrd and the Jackson County Sheriff's Department failed to properly train, supervise and discipline his employees in the proper policies, practices, customs, operations and

management of the ADC that were required by the laws and Constitutions of the State of Mississippi and the United States.

36.     Upon information and belief, the Jackson County Sheriff's Department and Jackson County had policies, practices or customs in place which caused, ratified and/or furthered the violation of Decedent's rights as described herein.  Plaintiffs accordingly seek redress under 28 U.S.C. § 1983 for Defendants' violation of Decedents Due Process rights under the Fourteenth Amendment to the United States Constitution.

37.     The Jackson County Sheriff's Department's customs, policies and practices allowed Defendants, to directly and proximately cause the deprivation of Decedent's civil and constitutional rights, and the damages, emotional and mental pain, distress and suffering of Decedent prior to his death.

38.     Defendant, Jackson County, has overall responsibility for the Jackson County Sheriff's Department and the Jackson County ADC.

39.     At all times relevant to the facts underlying this action, Defendants, each and all, acted willfully, maliciously, wantonly, unreasonably, recklessly, and with deliberate indifference to, and with wanton disregard of, Decedent's civil and constitutional rights.

40.     Defendants, acting individually, and together, under color of law engaged in a course of conduct, and conspired together, to deprive Decedent of his rights under federal and state law.

41.     Defendants, acting individually, and together, under color of law engaged in a course of conduct which caused the emotional, mental, and physical pain and suffering, as well as the wrongful death and damages of Decedent, and violated his rights as guaranteed by the Fourteenth Amendment to the U.S. Constitution.

42.     Defendants are liable to Plaintiffs jointly and severally for the wrongful acts complained of herein.

43.     Defendant, Jackson County, is liable for the actions of the Jackson County Sheriff's Department and, as such is also liable for the actions of Defendants Crowley, Ross, Bourn, Tassin, Jackson, and Richardson, as employees of the Jackson County Sheriff's Department and/or ADC.

44.     Defendants' actions were willfully in violation of Decedent's federally protected rights, and said willful and reckless actions justify the imposition of punitive damages.

45.     Defendant, Travelers Casualty and Surety Company of America, is liable to Plaintiffs for Defendants' unconstitutional and illegal acts as surety on Sheriff Byrd's bond. Thus, Plaintiffs bring suit on Sheriff Byrd's bond in the name of the State of Mississippi for its use and benefit.

**IV.**

**COUNT ONE—42 U.S.C. § 1983, 1985 AND 1988**

46.     Plaintiffs re-allege paragraphs 1 through 41 of the Complaint.

47.     Defendants acted under color of law, but contrary to law, and intentionally and unreasonably deprived Decedent of his rights, privileges and immunities secured by the U.S. Constitution and 42 U.S.C. §§ 1983, 1985 and 1988, including violations of Decedent's due process rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

48.     At all relevant times, Defendants were vested with state authority and the non-delegable responsibility and duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi.  Consequently, while acting under color of law, Defendants jointly and severally engaged in a course of conduct that resulted in the violation

of Decedent's Due Process rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

49.     It is further averred that the official policy, practices, customs, usage or regulations of the Jackson County Sheriff's Office and the ADC were those of Jackson County.  These policies, practices, customs, usage and/or regulations were developed, planned, and/or implemented by the Jackson County Sheriff's Department resulted in Decedent's death.  Further, Defendants Crowley, Ross, Bourn, Tassin, Jackson, and Richardson, as ADC employees, and acting pursuant to these official policies, practices, customs and regulations of the Jackson County Sheriff's Department and the ADC, contributed to Decedent's death by following said policies, practices, customs and/or regulations.

50.     As a direct and proximate consequence of Defendants' conduct, by which Defendants deprived Decedent of his due process rights under the Fourteenth Amendment, Decedent suffered immediate and irreparable injury to his person, resulting from the deprivation of those rights, ultimately resulting in his death.  While alive, however, Decedent experienced pain and suffering, humiliation, mental distress and severe emotional anguish.

## COUNT TWO—FOURTEENTH AMENDMENT (Due Process)

51.     Plaintiffs re-allege paragraphs 1through 46 of the Complaint.

52.     The Fourteenth Amendment to the United States Constitution operates legally to provide the protections afforded by the United States Constitution applicable to actions taken by the states.  The constitutions of the State of Mississippi and the United States, the statutes of Mississippi and the United States, as well as the policies and procedures of the Jackson County Sheriff's Department and the ADC impose certain duties on prison officials to provide humane

conditions of confinement and to take reasonable steps to guaranty the safety of pre-trial detainees, including Decedent.

53.     Defendants and/or their agents, servants and employees, knowingly and willfully failed to provide the necessities of life and medical assistance to Decedent, a pre-trial detainee, in a timely manner, thereby depriving him of his civil rights secured by the Constitution and laws of the United States of America.  The deprivation of rights includes Defendants' failure to provide adequate supervision, security and the necessities of life, including necessary prescription medication, failing to provide necessary medical care, and/or providing improper training and management of ADC staff.  Defendants knew, or should have known, of Decedent's medical history and disregarded an excessive risk to his health, safety and well-being, and showed deliberate indifference to his serious medical needs by failing to provide him with necessary prescription medication for his epilepsy.

54.     That Decedent was never provided with his required epilepsy medication over a period in excess of two months while detained at the ADC – despite his efforts and repeated requests to be given the medication – coupled with Defendants' refusal to help Decedent, and/or their delay in providing medical assistance to Decedent after he began having seizures, demonstrates deliberate and callous indifference on Defendants' part in all of their actions and/or inactions that directly and proximately caused Decedent's death. Defendants' failure to provide Decedent's epilepsy medication, their failure to provide any positive medical treatment to him, and Defendants' deprivation of the necessities of life constituted a course of medical care so clearly inadequate as to amount to the refusal to provide essential care.

55.     Defendants Crowley, Ross, Bourn, Tassin, Jackson, and Richardson, are individually liable as their actions, under color of law, and pursuant to the policies, practices and

customs of the Jackson County Sheriff's Department, were deliberately indifferent to a substantial risk of serious harm to Decedent, and they are liable for punitive damages as their conduct constitutes reckless or callous indifference to Decedent's federally-protected rights.

56.     Jackson County is also liable, since the actions set forth in this Complaint were carried-out pursuant to the policies or customs of the Jackson County Sheriff's Department, and said policies or customs were the moving force behind the constitutional violation of Decedent's rights while he was detained at the Jackson County ADC.

### COUNT THREE – 42 U.S.C. §§ 1983, 1985, 1986 AND 1988 (Violation of Civil Rights)

57.     Plaintiffs re-allege paragraphs 1 through 56 of the Complaint.

58.     Defendants Jackson County, Crowley, Ross, Bourn, Tassin, Jackson, and Richardson, acted under color of law.

59.     Defendants' conduct under color of law violated Decedent's right to due process of law under the Fourteenth Amendment to the United States Constitution.

60.     Prior to the events giving rise to this litigation, Defendants developed and maintained policies, practices and/or customs exhibiting deliberate indifference to violations of the constitutional rights of citizens and detainees of the Jackson County ADC.

61.     Although not a Defendant in this action, Sheriff Byrd, as a duly elected official of Jackson County, failed to adequately and properly train the deputies and other employees of the Jackson County Sheriff's Department and the ADC, including Defendants Crowley, Ross, Bourn, Tassin, Jackson, and Richardson, in jail operations, management and inmate/pre-trial detainee medical care.

62.     The above-described acts and omissions by Defendants demonstrated a deliberate indifference to the constitutional rights of the ADC inmates and pre-trial detainees, including

Decedent, and were the cause of the violations of Decedent's rights under the Fourteenth Amendment to the United States Constitution.

63.     As a result of the Sheriff's Department's violations of Decedent's constitutional rights, Decedent suffered substantial injuries, damages and, ultimately, death.

64.     Decedent exercised his rights, or attempted to do so, under the Fourteenth Amendment to the United States Constitution.

65.     Defendants unlawfully and unreasonably deprived Decedent of his life by failing to provide necessary and essential prescription medication.

66.     Defendants acted in concert and deprived Decedent of his rights guaranteed by the United States Constitution and federal statutes.

67.     Defendants violated 42 U.S.C. § 1983; Defendants' conduct operated to deprive Decedent of his rights guaranteed by the United States Constitution.

68.     As a direct and proximate result of the foregoing, Defendants deprived Decedent of his rights and privileges as a citizen of the United States, and Defendants caused Decedent to suffer significant indignities, and to sustain shock and injury to his nervous system and person, and suffer injury and death, all of which has caused the general damages requested by Plaintiffs in an amount to be proven at trial.

### COUNT FOUR – 42 U.S.C. §§ 1983, 1985, 1986 AND 1988

### (Violation of the Due Process Clause of the Fourteenth Amendment)

69.     Plaintiffs re-allege paragraphs 1 through 68 of the Complaint.

70.     This cause arises out of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

71.     Defendants' conduct was taken under color of law and operated to deprive Decedent of rights guaranteed by the United States Constitution.

72.     As a direct and proximate result of the foregoing, Defendants deprived Decedent of his rights and privileges as a citizen of the United States, and Defendants caused Decedent to suffer significant indignities, and to sustain shock and injury to his nervous system and person, and suffer injury and death, all of which has caused the general damages requested by Plaintiffs in an amount to be proven at trial.

**COUNT FIVE – 42 U.S.C. §§ 1983, 1985, 1986 AND 1988**

**(Civil Conspiracy and Neglect)**

73.     Plaintiffs re-allege paragraphs 1 through 72 of the Complaint.

74.     The Civil Rights Act of 1966, 42 U.S.C. §§ 1985 and 1986, prohibits conspiracies to interfere with civil rights.

75.     Defendants violated 42 U.S.C. §§ 1985 and 1986 in that they entered into an agreement and conspired among themselves and/or others to engage in unlawful conduct, *i.e.*, depriving Decedent of rights guaranteed to him under the Fourteenth Amendment to the United States Constitution.

76.     Defendants violated 42 U.S.C. § 1986 in that they, having knowledge that wrongs were conspired to be done—or should have had knowledge of such wrongs—and failed to prevent such wrongs, or having had knowledge that such wrongs were going to be committed, and having the power to prevent such wrongs from occurring, neglected and failed to prevent those wrongs from coming to fruition.

77.     Defendants have each done, or have caused to be done, acts in furtherance of this conspiracy whereby Decedent was injured and deprived of rights guaranteed to him under the Fourteenth Amendment to the United States Constitution.

78.     Defendants each had actual knowledge of the conspiracies to deprive Decedent of his rights protected by 42 U.S.C. § 1985, or should have had knowledge of such, and each had the power and opportunity to prevent the violations from occurring.

79.     Defendants, however, nor anyone else in a position of authority at the ADC did anything to prevent the conspiracy that deprived Decedent of his constitutional rights; had any Defendant intervened, Decedent would still be alive today.

80.     As a direct and proximate result of the foregoing, Defendants deprived Decedent of his rights and privileges as a citizen of the United States, and Defendants, by and through their actions and/or inactions, intentionally, or through their own negligence, failed to expose, prevent or otherwise thwart the conspiracy to deprive Decedent his due process rights under the Fourteenth Amendment to the United States Constitution, notwithstanding the fact that they possessed the power to halt, annul, void, expose, intervene in or stop the violations before the occurred. Consequently, these Defendants caused Decedent to suffer significant indignities, and to sustain shock and injury to his nervous system and person, and suffer injury and death, all of which has caused the general damages requested by Plaintiffs in an amount to be proven at trial.

**COUNT SIX (Failure to Adequately Train and Supervise)**

81.     Plaintiffs re-allege paragraphs 1 through 80 of the Complaint.

82.     The Jackson County Sheriff's Department failed to provide adequate and competent training and/or supervision of the deputies and other employees at the ADC, including Defendants Crowley, Ross, Bourn, Tassin, Jackson, and Richardson, during the time Decedent

was detained at the ADC. Sheriff Byrd was tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs that are and were to be carried-out at the ADC by ADC employees, and Defendants Crowley, Ross, Bourn, Tassin, Jackson, and Richardson. Defendant Jackson County has overall responsibility for the Jackson County Sheriff's Department and the ADC.

83.     As a direct and proximate consequence of the aforementioned failure to properly develop, implement and otherwise devise a policy of adequate police training and/or supervision, Decedent was deprived of certain constitutional rights, privileges and immunities. Had the ADC staff and employees, including Defendants Crowley, Ross, Bourn, Tassin, Jackson, and Richardson, been properly trained and supervised, those employees and Defendants would have known of the illegality of the conduct surrounding Decedent's treatment and/or lack of treatment, subsequent death, and the corresponding deprivation of his constitutional rights would not have occurred.

84.     Failure to provide adequate training and supervision to the deputies, staff and ADC employees, including Defendants Crowley, Ross, Bourn, Tassin, Jackson, and Richardson, was so grossly negligent that it amounted to deliberate indifference and blatant disregard for Decedent's rights, privileges and immunities, as well as his due process rights under the Fourteenth Amendment. Therefore, because of the failure to adequately train and supervise the deputies, ADC staff/employees and Defendants Crowley, Ross, Bourn, Tassin, Jackson, and Richardson, Defendants are liable for Decedent's death and the deprivation of his civil rights associate therewith.

## COUNT SEVEN (Jackson County)

85.     Plaintiffs re-allege paragraphs 1 through 81 of the Complaint.

86.     Defendant, Jackson County, was at all times relevant to the facts underlying this action, Sheriff Byrd's employer, as well as the employer for Defendants Crowley, Ross, Bourn, Tassin, Jackson, and Richardson. The constitutional violations alleged in this Complaint were done during the course and scope of Defendants' employment by Defendant, Jackson County.

87.     Defendant, Jackson County, is liable for the actions of the Jackson County Sheriff's Department and any policies, customs and procedures, as the Jackson County Sheriff's Department is the final policy making authority over the matters raised in this action.

88.     Travelers Casualty and Surety Company of America issued a bond to Sheriff Byrd during his term as Sheriff, is liable to Plaintiffs for Defendants' unconstitutional and illegal acts committed by the Jackson County Sheriff's Department.

89.     As a direct and proximate result of Defendants' actions, Decedent sustained emotional distress and mental anguish, humiliation, pain and suffering, and loss of his life, plus costs, interest, and actual attorney fees incurred on his behalf and on behalf of the wrongful death beneficiaries of John Morris Lee, Jr. Plaintiffs request judgment against Defendants.

90.     Defendants' actions were in willful violation of Decedent's federally-protected rights, were willful and reckless, and justify the imposition of punitive damages.

## DAMAGES AND REMEDIES

91.     Plaintiffs re-allege paragraphs 1 through 87 of the Complaint.

92.     As a direct and proximate result of Defendants' actions, Plaintiffs are entitled to damages in an amount to be determined by a jury at a trial of this matter. As a result of the violation of Decedent's constitutional rights, Decedent and/or his wrongful death beneficiaries suffered the following damages:

A.      Medical, doctor, hospital and related expenses;

B.     Funeral and related expenses;

C.     Decedent's pain and suffering;

D.     Loss of Decedent's income for his anticipated life expectancy;

E.     Loss of Decedent's companionship and consortium for his anticipated life expectancy;

F.     Mental and emotional distress;

G.     Loss and/or diminution of Decedent's estate;

H.     Attorney's fees and costs under 42 U.S.C. § 1988(b), plus pre-judgment and post-judgment interest; and

I.     Any and all other damages available under federal law in actions heretofore specified under the United States Constitution and in wrongful death actions under federal law, including punitive and/or exemplary damages.

93.     Defendants' actions are malicious, unlawful and/or so grossly negligent, and Defendants' conduct involved such deliberate, callous and reckless indifference as to make these Defendants liable to Plaintiffs for punitive damages. Likewise, the deliberate indifference of Defendant, Jackson County, rises to a level of gross negligence and should subject it to punitive damages.

94.     Plaintiffs allege that Decedent's injuries and death were permanent, and have had significant consequences on the lives of John Morris Lee, Jr. and his wrongful death beneficiaries.

95.     That the aforesaid damages to Decedent and his wrongful death beneficiaries were directly and/or proximately caused by Defendants' negligence, gross negligence, wanton and callous indifference, reckless disregard and/or malicious or intentional acts, thus entitling

Plaintiffs to sue and recover damages from Defendants, including compensatory damages, punitive damages, attorneys' fees, pre-judgment and post-judgment interest, and such other relief as Plaintiffs may be entitled to under the laws of the United States of America.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Dorothy Lee, as Wife and Personal Representative of the Wrongful Death Beneficiaries of John Morris Lee, Jr., the Estate of John Morris Lee, Jr., and John Morris Lee, III, demand judgment of and from Defendants in an amount that will reasonably compensate Plaintiffs for injuries and/or damages, and which will punish Defendants in order to deter future conduct, with said damages to include compensatory damages of $6,000,000 dollars, punitive damages of $6,000,000 dollars, attorneys' fees and costs of these proceedings pursuant to 42 U.S.C. § 1988 and any other statute or common law, pre-judgment and post-judgment interest, and such other relief as Plaintiffs may be entitled under the laws of the United States of America. Plaintiffs further pray for any relief to which they are entitled, and as this Court deems just, proper and equitable.

Respectfully submitted, this the 11th day of January, 2016.

By:     /s/ Douglas Adams
        Douglas Adams (MSB No. 104800)
        *Attorney for John Morris Lee, III*

THE MITCHELL FIRM, PLLC

Jesse Mitchell, III (MSB No. 103020)
Douglas Adams (MSB No. 104800)
1020 Highland Colony Parkway, Suite 704
Ridgeland, Mississippi 39157
Telephone: 769 – 300 – 0462
Facsimile: 601 – 510 – 1981
jmitchell@themitchellfirms.com
dadams@themitchellfirms.com

        /s/ Douglas L. Tynes, Jr. (with permission)
        Douglas L. Tynes (MSB No. 101921)

*Attorney for Dorothy Lee, as Wife and Personal Representative of the Wrongful Death Beneficiaries of John Morris Lee, Jr., and the Estate of John Morris Lee, Jr.*

TYNES LAW FIRM, P.A.
525 Krebs Avenue
Pascagoula, Mississippi 39567
228.769.7736—Telephone
228.769.8466—Facsimile
monte@tyneslawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I, Douglas Adams, hereby certify that on this date I filed with the Clerk of Court using the Court's CM/ECF filing system the foregoing Plaintiffs' *Second Amended Complaint*, which will send notification of such filing to all counsel of record.

This the 11th day of January, 2016.

By:    /s/ Douglas Adams_____
       Douglas Adams