## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DOROTHY LEE, as Wife and Personal Representative
of the Wrongful Death Beneficiaries of
JOHN MORRIS LEE, JR., the ESTATE
OF JOHN MORRIS LEE, JR., Deceased
and JOHN MORRIS LEE, III**　　　　　　　　　　　　　**PLAINTIFFS**

**VERSUS**　　　　　　　　　　　　　　　　**1:13-CV-441-HSO-RHW**

**JACKSON COUNTY MISSISSIPPI,
TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA, JONA CROWLEY, SID ROSS, KRISTI
TASSIN, JUNNA JACKSON, AND LINDA RICHARDSON**　　　　**DEFENDANTS**

### ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED
### COMPLAINT BY DEFENDANT, WILLIAM S.R. ROSS, M.D.

COMES now, the Defendant, **WILLIAM S.R. ROSS, M.D.,  referred to as**

**DR. SID ROSS**, by and through his attorneys in the above styled and numbered

cause, and in response to the Second Amended Complaint exhibited against him

would state as follows, to wit:

### FIRST DEFENSE

The Second Amended Complaint fails to state a cause of action upon which

relief can be granted.

### SECOND DEFENSE

This Defendant hereby incorporates and pleads any and all defenses

enumerated in Rule 12(b) of the Federal Rules of Civil Procedure, and specifically

reserves his right to raise any defenses.

## THIRD DEFENSE

This Defendant would respond to each paragraph of the Second Amended Complaint as follows:

## I.

## PARTIES

### I.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations in Paragraph 1 of the Second Amended Complaint and demands strict proof thereof.

### II.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations in Paragraph 2 of the Second Amended Complaint and demands strict proof thereof.

### III.

The material allegations contained in Paragraph 3 of the Second Amended Complaint appear to pertain to a Co-Defendant, separately answering, and, therefore, require no further answer of and from this Defendant. However, if mistaken in that regard, this Defendant denies same.

### IV.

The material allegations contained in Paragraph 4 of the Second Amended Complaint appear to pertain to a Co-Defendant, separately answering, and,

therefore, require no further answer of and from this Defendant. However, if mistaken in that regard, this Defendant denies same.

## V.

This Defendant admits the material allegations contained in Paragraph 5 of the Second Amended Complaint.

## VI.

The material allegations contained in Paragraph 6 of the Second Amended Complaint appear to pertain to a Co-Defendant, separately answering, and, therefore, require no further answer of and from this Defendant. However, if mistaken in that regard, this Defendant denies same.

## VII.

The material allegations contained in Paragraph 7 of the Second Amended Complaint appear to pertain to a Co-Defendant, separately answering, and, therefore, require no further answer of and from this Defendant. However, if mistaken in that regard, this Defendant denies same.

## VIII.

The material allegations contained in Paragraph 8 of the Second Amended Complaint appear to pertain to a Co-Defendant, separately answering, and, therefore, require no further answer of and from this Defendant. However, if mistaken in that regard, this Defendant denies same.

**IX.**

The material allegations contained in Paragraph 9 of the Second Amended Complaint appear to pertain to a Co-Defendant, separately answering, and, therefore, require no further answer of and from this Defendant.  However, if mistaken in that regard, this Defendant denies same.

**X.**

The material allegations contained in Paragraph 10 of the Second Amended Complaint appear to pertain to a Co-Defendant, separately answering, and, therefore, require no further answer of and from this Defendant.  However, if mistaken in that regard, this Defendant denies same.

**XI.**

The allegations contained in Paragraph 11 of the Second Amended Complaint are not directed towards this Defendant, and, therefore, require no further answer of and from this Defendant.  However, if mistaken in that regard, this Defendant denies same.

**II.**

**<u>JURISDICTION AND VENUE</u>**

**XII.**

Paragraph 12 of the Second Amended Complaint states a legal conclusion and is not directed towards this Defendant, and, therefore, requires no further

answer of and from this Defendant. However, if mistaken in that regard, this Defendant denies same.

## XIII.

Paragraph 13 of the Second Amended Complaint states a legal conclusion and is not directed towards this Defendant, and, therefore, requires no further answer of and from this Defendant.

## III.

## <u>FACTS GIVING RISE TO CAUSE OF ACTION</u>

## XIV.

This Defendant denies the material allegations contained in Paragraph 14 of the Second Amended Complaint.

## XV.

This Defendant admits the allegations contained in Paragraph 15 of the Second Amended Complaint based upon information and belief.

## XVI.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 16 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

## XVII.

This Defendant denies the material allegations contained in Paragraph 17 of the Second Amended Complaint.

## XVIII.

This Defendant denies the material allegations contained in Paragraph 18 of the Second Amended Complaint.

## XIX.

This Defendant denies the material allegations contained in Paragraph 19 of the Second Amended Complaint.

## XX.

This Defendant denies the material allegations contained in Paragraph 20 of the Second Amended Complaint.

## XXI.

This Defendant denies the material allegations contained in Paragraph 21 of the Second Amended Complaint.

## XXII.

This Defendant denies the material allegations contained in Paragraph 22 of the Second Amended Complaint.

## XXIII.

This Defendant denies the material allegations contained in Paragraph 23 of the Second Amended Complaint.

## XXIV.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 24 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

## XXV.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in the first two sentences of Paragraph 25 of the Second Amended Complaint and, therefore, denies same. This Defendant denies the remaining material allegations contained in the third sentence of Paragraph 25 of the Second Amended Complaint.

## XXVI.

The allegations contained in Paragraph 26 of the Second Amended Complaint are not directed towards this Defendant, and, therefore, require no further answer of and from this Defendant. However, if mistaken in that regard, this Defendant denies same.

## XXVII.

The allegations contained in Paragraph 27 of the Second Amended Complaint are not directed towards this Defendant, and, therefore, require no further answer of and from this Defendant. However, if mistaken in that regard, this Defendant denies same.

## XXVIII.

The allegations contained in Paragraph 28 of the Second Amended Complaint are not directed towards this Defendant, and, therefore, require no further answer of and from this Defendant.

## XXIX.

This Defendant denies the material allegations contained in Paragraph 29 of the Second Amended Complaint.

## XXX.

This Defendant denies the material allegations contained in Paragraph 30 of the Second Amended Complaint.

## XXXI.

This Defendant denies the material allegations contained in Paragraph 31 of the Second Amended Complaint.

## XXXII.

This Defendant denies the material allegations contained in Paragraph 32 of the Second Amended Complaint.

## XXXIII.

The allegations contained in Paragraph 33 of the Second Amended Complaint are not directed towards this Defendant, and, therefore, require no further answer of and from this Defendant. However, if mistaken in that regard, this Defendant denies same.

## XXXIV.

The allegations contained in Paragraph 34 of the Second Amended Complaint are not directed towards this Defendant, and, therefore, require no further answer of and from this Defendant.

## XXXV.

The allegations contained in Paragraph 35 of the Second Amended Complaint are not directed towards this Defendant, and, therefore, require no further answer of and from this Defendant. However, if mistaken in that regard, this Defendant denies same.

## XXXVI.

The allegations contained in Paragraph 36 of the Second Amended Complaint are not directed towards this Defendant, and, therefore, require no further answer of and from this Defendant. However, if mistaken in that regard, this Defendant denies same.

## XXXVII.

This Defendant denies the material allegations contained in Paragraph 37 of the Second Amended Complaint.

## XXXVIII.

The allegations contained in Paragraph 38 of the Second Amended Complaint are not directed towards this Defendant, and, therefore, require no further answer of and from this Defendant.

## XXXIX.

This Defendant denies the material allegations contained in Paragraph 39 of the Second Amended Complaint.

## XL.

This Defendant denies the material allegations contained in Paragraph 40 of the Second Amended Complaint.

## XLI.

This Defendant denies the material allegations contained in Paragraph 41 of the Second Amended Complaint.

## XLII.

This Defendant denies the material allegations contained in Paragraph 42 of the Second Amended Complaint.

## XLIII.

The allegations contained in Paragraph 43 of the Second Amended Complaint state a legal conclusion and are not directed towards this Defendant, and, therefore, require no further answer of and from this Defendant.

## XLIV.

This Defendant denies the allegations contained in Paragraph 44 of the Second Amended Complaint and denies that he is indebted to the Plaintiffs in any amount, whatsoever.

## XLV.

The allegations contained in Paragraph 45 of the Second Amended Complaint are not directed towards this Defendant, and, therefore, require no further answer of and from this Defendant. However, if mistaken in that regard, this Defendant denies same.

## IV.

## COUNT ONE - 42 U.S.C. § 1983,1985,1986 AND 1988

## XLVI.

This Defendant incorporates by reference each admission or denial to the first 45 Paragraphs of the Second Amended Complaint, as same are incorporated by reference in Paragraph 46 of the Second Amended Complaint.

## XLVII.

This Defendant denies the allegations contained in Paragraph 47 of the Second Amended Complaint.

## XLVIII.

This Defendant admits that he, at all relevant times, complied with the laws of the United States of America and the State of Mississippi. This Defendant denies the remaining material allegations contained in Paragraph 48 of the Second Amended Compliant.

## XLIX.

This Defendant denies the allegations contained in Paragraph 49 of the Second Amended Complaint.

**L.**

This Defendant denies the allegations contained in Paragraph 50 of the Second Amended Complaint.

## COUNT TWO - FOURTEENTH AMENDMENT (Due Process)

**LI.**

This Defendant incorporates by reference each admission or denial to the first 50 Paragraphs of the Second Amended Complaint, as same are incorporated by reference in Paragraph 51 of the Second Amended Complaint.

**LII.**

The allegations contained in Paragraph 52 of the Second Amended Complaint state a legal conclusion and are not directed towards this Defendant, and, therefore, require no further answer of and from this Defendant. However, if mistaken in that regard, this Defendant denies same

**LIII.**

This Defendant denies the allegations contained in Paragraph 53 of the Second Amended Complaint.

**LIV.**

This Defendant denies the allegations contained in Paragraph 54 of the Second Amended Complaint.

## LV.

This Defendant denies the allegations contained in Paragraph 55 of the Second Amended Complaint and denies that he is indebted to the Plaintiffs in any amount, whatsoever.

## LVI.

The allegations contained in Paragraph 56 of the Second Amended Complaint are not directed towards this Defendant, and, therefore, require no further answer of and from this Defendant. However, if mistaken in that regard, this Defendant denies same.

## COUNT THREE - 42 U.S.C. §§ 1983, 1985, 1986 and 1988
## (Violation of Civil Rights)

## LVII.

This Defendant incorporates by reference each admission or denial to the first 56 Paragraphs of the Second Amended Complaint, as same are incorporated by reference in Paragraph 57 of the Second Amended Complaint.

## LVIII.

This Defendant denies the allegations contained in Paragraph 58 of the Second Amended Complaint to the extent it implies any wrongdoing on the part of this Defendant.

## LIX.

This Defendant denies the allegations contained in Paragraph 59 of the Second Amended Complaint.

## LX.

This Defendant denies the allegations contained in Paragraph 60 of the Second Amended Complaint.

## LXI.

Although the allegations contained in Paragraph 61 do not appear to be directed towards this Defendant, this Defendant denies the allegations contained in Paragraph 61 of the Second Amended Complaint to the extent it implies any wrongdoing on the part of this Defendant.

## LXII.

This Defendant denies the allegations contained in Paragraph 62 of the Second Amended Complaint.

## LXIII.

Although the allegations contained in Paragraph 63 do not appear to be directed towards this Defendant, this Defendant denies the allegations contained in Paragraph 63 of the Second Amended Complaint to the extent it implies any wrongdoing on the part of this Defendant.

## LXIV.

Although the allegations contained in Paragraph 64 do not appear to be directed towards this Defendant, this Defendant denies the allegations contained in Paragraph 64 of the Second Amended Complaint to the extent it implies any wrongdoing on the part of this Defendant.

This Defendant denies the allegations contained in Paragraph 65 of the Second Amended Complaint.

**LXVI.**

This Defendant denies the allegations contained in Paragraph 66 of the Second Amended Complaint.

**LXVII.**

This Defendant denies the allegations contained in Paragraph 67 of the Second Amended Complaint.

**LXVIII.**

This Defendant denies the allegations contained in Paragraph 68 of the Second Amended Complaint.

## **COUNT FOUR - 42 U.S.C. §§ 1983, 1985, 1986 and 1988**
## **(Violation of the Due Process Clause of the Fourteenth Amendment)**

**LXIX.**

This Defendant incorporates by reference each admission or denial to the first 68 Paragraphs of the Second Amended Complaint, as same are incorporated by reference in Paragraph 69 of the Second Amended Complaint.

**LXX.**

Paragraph 70 of the Second Amended Complaint states a legal conclusion and is not directed towards this Defendant, and, therefore, requires no further

answer of and from this Defendant.  However, if mistaken in that regard, this Defendant denies same.

## LXXI.

This Defendant denies the allegations contained in Paragraph 71 of the Second Amended Complaint.

## LXXII.

This Defendant denies the allegations contained in Paragraph 72 of the Second Amended Complaint and denies that he is indebted to the Plaintiff in any amount, whatsoever.

## COUNT FIVE - 42 U.S.C. §§ 1983, 1985, 1986 and 1988
## (Civil Conspiracy and Neglect)

## LXXIII.

This Defendant incorporates by reference each admission or denial to the first 72 Paragraphs of the Second Amended Complaint, as same are incorporated by reference in Paragraph 73 of the Second Amended Complaint.

## LXXIV.

Paragraph 74 of the Second Amended Complaint states a legal conclusion and is not directed towards this Defendant, and, therefore, requires no further answer of and from this Defendant.

## LXXV.

This Defendant denies the allegations contained in Paragraph 75 of the Second Amended Complaint.

## LXXVI.

This Defendant denies the allegations contained in Paragraph 76 of the Second Amended Complaint.

## LXXVII.

This Defendant denies the allegations contained in Paragraph 77 of the Second Amended Complaint.

## LXXVIII.

This Defendant denies the allegations contained in Paragraph 78 of the Second Amended Complaint.

## LXXIX.

This Defendant denies the allegations contained in Paragraph 79 of the Second Amended Complaint.

## LXXX.

This Defendant denies the allegations contained in Paragraph 80 of the Second Amended Complaint.

## COUNT SIX (Failure to Adequately Train and Supervise)

## LXXXI.

This Defendant incorporates by reference each admission or denial to the first 80 Paragraphs of the Second Amended Complaint, as same are incorporated by reference in Paragraph 81 of the Second Amended Complaint.

## LXXXII.

Although the allegations contained in Paragraph 82 do not appear to be directed towards this Defendant, this Defendant denies the allegations contained in Paragraph 82 of the Second Amended Complaint to the extent it implies any wrongdoing on the part of this Defendant.

## LXXXIII.

Although the allegations contained in Paragraph 83 do not appear to be directed towards this Defendant, this Defendant denies the allegations contained in Paragraph 83 of the Second Amended Complaint to the extent it implies any wrongdoing on the part of this Defendant.

## LXXXIV.

This Defendant denies the allegations contained in Paragraph 84 of the Second Amended Complaint.

## COUNT SEVEN (Jackson County)

## LXXXV.

This Defendant incorporates by reference each admission or denial to the first 84 Paragraphs of the Second Amended Complaint, as same are incorporated by reference in Paragraph 85 of the Second Amended Complaint.

## LXXXVI.

Although the allegations contained in Paragraph 86 do not appear to be directed towards this Defendant, this Defendant denies the allegations contained in

Paragraph 86 of the Second Amended Complaint to the extent it implies any wrongdoing on the part of this Defendant.

## LXXXVII.

Although the allegations contained in Paragraph 87 do not appear to be directed towards this Defendant, this Defendant denies the allegations contained in Paragraph 87 of the Second Amended Complaint to the extent it implies any wrongdoing on the part of this Defendant.

## LXXXVIII.

Although the allegations contained in Paragraph 88 do not appear to be directed towards this Defendant, this Defendant denies the allegations contained in Paragraph 88 of the Second Amended Complaint to the extent it implies any wrongdoing on the part of this Defendant.

## LXXXIX.

This Defendant denies the allegations contained in Paragraph 89 of the Second Amended Complaint.

## XC.

This Defendant denies the allegations contained in Paragraph 90 of the Second Amended Complaint.

## DAMAGES AND REMEDIES

## XCI.

This Defendant incorporates by reference each admission or denial to the first 90 Paragraphs of the Second Amended Complaint, as same are incorporated by reference in Paragraph 91 of the Second Amended Complaint.

## XCII.

This Defendant denies the allegations contained in Paragraph 92 of the Second Amended Complaint, including sub-parts "A" through "I" contained therein, and denies that he is indebted to the Plaintiffs in any amount, whatsoever.

## XCIII.

This Defendant denies the allegations contained in Paragraph 93 of the Second Amended Complaint and denies that he is indebted to the Plaintiffs in any amount, whatsoever.

## XCIV.

This Defendant admits that the Decedent's death is permanent but denies the remaining allegations contained in Paragraph 94 of the Second Amended Complaint.

## XCV.

This Defendant denies the allegations contained in Paragraph 95 of the Second Amended Complaint and denies that he is indebted to the Plaintiffs in any amount, whatsoever.

## XCVI.

This answering Defendant denies the allegations of the last unnumbered Paragraph of the Second Amended Complaint beginning, "**WHEREFORE**...," and denies that he is indebted to the Plaintiffs in any amount, whatsoever.

### FOURTH DEFENSE

This Defendant would state affirmatively that at all relevant times the care provided by the Defendant, William S.R. Ross, M.D., met or exceeded the standard of care required of a minimally competent physician under like or similar circumstances.

### FIFTH DEFENSE

This Defendant states that any allegations or averments contained in the Second Amended Complaint which have not been expressly admitted by the above and foregoing Answer to the Second Amended Complaint are specifically denied, it being the intent of this Defendant to controvert all allegations not expressly admitted.

### SIXTH DEFENSE

This Defendant states, affirmatively, that the death of Plaintiffs' decedent was not proximately caused by the actions or conduct of Dr. Ross.

### SEVENTH DEFENSE

This Defendant states, affirmatively, that in the event the trier of fact determines that this Defendant is liable, which is specifically denied, the trier of

fact shall not award the Plaintiffs any sum of in excess of $500,000.00 in non-economic damages.

## EIGHTH DEFENSE

This Defendant, affirmatively, asserts any and all other defenses under the Civil Justice Reform Act as well as the Medical Malpractice Tort Reform Act.

## NINTH DEFENSE

This Defendant denies that he has been guilty of any conduct which entitles Plaintiffs to recover punitive damages.

## TENTH DEFENSE

This Defendant avers that the Second Amended Complaint fails to state a claim upon which punitive damages may be awarded to the Plaintiffs.

## ELEVENTH DEFENSE

This Defendant avers that any award of punitive damages to Plaintiffs in this case will be in violation of the constitutional safeguards provided to this Defendant under the Constitution of the State of Mississippi.

## TWELFTH DEFENSE

This Defendant avers that any award of punitive damages to Plaintiffs in this case will be in violation of the constitutional safeguards provided to this Defendant under the Constitution of the United States of America.

## THIRTEENTH DEFENSE

This Defendant avers that any award of punitive damages to Plaintiffs in this case will be in violation of the Constitutional safeguards provided to this Defendant under the due process clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Mississippi Law is vague, is not based upon any objective standards, is in fact, standardless, and is not rationally related to legitimate governmental interests.

## FOURTEENTH DEFENSE

This Defendant avers that any award of punitive damages to Plaintiffs in this case will be in violation of the procedural safeguards provided to this Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, this Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

## FIFTEENTH DEFENSE

This Defendant, affirmatively, pleads that every element of the Plaintiffs' claim for punitive damages must be proven beyond a reasonable doubt because without such proof, said claim would violate this Defendant's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 3, Section 14 of the Mississippi Constitution.

## SIXTEENTH DEFENSE

Plaintiffs' claim of punitive damages violates Article I, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

A.  It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff satisfying a burden of  proof which is less than a "beyond a reasonable doubt" burden of proof required in criminal cases;

B.  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

C.  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

D.  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

E.  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

F.  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

## SEVENTEENTH DEFENSE

The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## EIGHTEENTH DEFENSE

The award of punitive damages against this Defendant in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in <u>BMW v. Gore,</u> 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), on the following grounds:

A. It is a violation of this Defendant's right to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

B. It is a violation of due process to subject this defendant to punitive damages without providing this Defendant fair notice of the conduct that will subject him to punishment and the severity of the penalty that may be imposed;

C. It is a violation of this Defendant's right to due process to impose punitive damages which are grossly excessive.

## NINETEENTH DEFENSE

This Defendant would state, affirmatively, that this action should be dismissed as Plaintiffs failed to provide this Defendant with presuit notice, as required by Miss. Code Ann. ¶ 15-1-36 (15).

**NOW HAVING FULLY ANSWERED** the Second Amended Complaint exhibited against him and having set forth his affirmative defenses, the Defendant,

William S.R. Ross, M.D.**,** requests that this matter be dismissed with prejudice to

the Plaintiffs and at the cost of the Plaintiffs.

      **DATED: January 25, 2016.**

                    Respectfully submitted,

                    BRYAN, NELSON, SCHROEDER,
                    CASTIGLIOLA & BANAHAN, PLLC
                    Attorneys for Defendant,

                    **WILLIAM S.R. ROSS, M.D.**

            BY: s/ *Jessica B. McNeel*
                **JOHN A.  BANAHAN (MSB 1731)**
                **JESSICA B. McNEEL (MSB 102674)**

**BRYAN, NELSON, SCHROEDER,**
**CASTIGLIOLA & BANAHAN, PLLC**
Attorneys at Law
1103 Jackson Avenue (39567)
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Tel.:  (228)762-6631
Fax:  (228)769-6392
john@bnscb.com
jessica@bnscb.com

## CERTIFICATE OF SERVICE

I, **JESSICA B. McNEEL**, one of the attorneys for Defendant, **WILLIAM S.R. ROSS, M.D.**, do hereby certify that I have this date electronically filed the foregoing Answer and Affirmative Defenses to the Second Amended Complaint with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

**DATED: January 25, 2016.**

/s/ *Jessica B. McNeel*

**JOHN A. BANAHAN (MSB 1731)**
**JESSICA B. McNEEL (MSB 102674)**

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
1103 Jackson Avenue (39567)
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Tel.: (228) 762-6631
Fax: (228) 769-6392
john@bnscb.com
jessica@bnscb.com