IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOROTHY LEE, as Wife and Personal Representative
of the Wrongful Death Beneficiaries
of JOHN MORRIS LEE, JR., the Estate of
John Morris Lee, Jr., Deceased
and JOHN MORRIS LEE, III                                                                    PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 1:13cv441-HSO-RHW

JACKSON COUNTY MISSISSIPPI; et al                                                  DEFENDANTS

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 3:
TO EXCLUDE ANY MENTION OF JOHN MORRIS LEE, JR.'S
THREATENING OR ATTEMPTING SUICIDE**

COME NOW the Plaintiffs, DOROTHY LEE, as Wife and Personal Representative of the Wrongful Death Beneficiaries of JOHN MORRIS LEE, JR. and ESTATE OF JOHN MORRIS LEE, JR., Deceased, by and through their attorneys of record, and would submit this Memorandum in Support of Motion *In Limine* No. 3 to exclude *in limine*, any testimony, evidence, demonstrative evidence, documents, information, or arguments offered that John Morris Lee, II threatened suicide, allegedly attempted suicide, or allegedly took rat poison, and in support of said motion, Plaintiff would respectfully show unto the Court the following, to-wit:

## I. INTRODUCTION

Plaintiffs filed the instant cause of action as a result of the Defendants withholding necessary medication and medical attention from a pretrial detainee, which ultimately caused his death. The [1] Original Complaint was filed on November 25, 2013, alleging various causes of action against the Defendants.

## II. STANDARD FOR ADMISSIBILITY

The United States Court of Appeals for the Fifth Circuit provides the following guidance concerning motions *in limine*:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*Faulstick v. Southern Tire Mart, LLC*, Civil Action 2:13cv65-KS-MTP (Citing *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted). A motion *in limine* should be granted if "(1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury." *Whittley v. City of Meridian*, 530 So.2d 1341, 1344 (Miss. 1988).

Federal Rule 702 requires that expert testimony be reliable. Fed. R. Evid. 702 (2014). Expert testimony must constitute "more than subjective belief or unsupported speculation." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). If there is simply too great an analytical gap between the basis for the opinion and the opinion offered, the court may exclude the testimony as unreliable. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). The burden is on the proponent of the expert testimony to establish its admissibility by a preponderance of the evidence. See *Daubert*, 509 U.S. at 592 n.10.

## III. FACTS

Plaintiff anticipates that the Defendants may attempt to introduce certain testimony, evidence, demonstrative evidence, documents, information, or arguments at the trial of this matter

that John Morris Lee, Jr. threatened suicide or allegedly ingested rat poison. See attached **Exhibit "1,"** Expert Designation for Jackson County, Mississippi, Jona Crowley, Kelly Tassin, Kristi Bourn, Junna Jackson, and Linda Richardson, Exhibit A, pp. 1, 6-11.

## IV. ARGUMENT

> A. *Evidence of Mr. Lee's alleged suicide attempt is irrelevant, and its probative value is substantially outweighed by the danger of unfair prejudice.*

Federal Rule of Evidence 401 defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence"; and "the fact is of consequence in determining the action." Fed. R. Evid. 401 (2014). According to Federal Rule of Evidence 402, "relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402 (2014). Alternatively, relevant evidence should be excluded *in limine* pursuant to Rule 403 of the Federal Rules of Evidence, which provides, in part, that such evidence may be excluded if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or if the evidence is misleading to the jury, a waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403 (2014).

Defendant's expert witness, Dr. Fowlkes, does not state that the alleged attempted suicide resulted in Mr. Lee's seizures. Nor can the expert opine that this alleged suicide attempt is in any way relevant to the issues before the Court. He does not state it informs whether the Defendants knew about Mr. Lee's medical condition. He does not state it informs whether the Defendants treated a known medical condition. He does not state this attempted suicide caused Mr. Lee's seizure that led to his death on February 24, 2013. As such, any evidence regarding Plaintiffs'

alleged attempted suicide are not relevant to the claims and issues remaining in this cause and should not be submitted to the jury. Such evidence should be excluded *in limine* pursuant to Rule 403 of the Federal Rules of Evidence, which provides, in part, that evidence which may be relevant can be excluded if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or if the evidence is misleading to the jury.

      B. *Evidence of Mr. Lee's alleged suicide attempt constitutes inadmissible hearsay.*

Federal Rule 801 defines hearsay as a statement that the declarant does not make while testifying at the current trial or hearing, which a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801 (2014). Hearsay is not admissible unless there is a federal statute allowing it, the Rules of Evidence allow it, or other rules prescribed by the Supreme Court allow it. Fed. R. Evid. 802 (2014). There are no exceptions to the hearsay rule that apply to the present situation. *See Generally* Fed. R. Evid. 803 (2014).

The above-mentioned statements and others pulled from Mr. Lee's medical records constitute out-of-court statements. Plaintiffs anticipate that these statements will be admitted to prove the truth of the matters asserted therein; therefore, they must be excluded as inadmissible hearsay.

      C. *Defendant's experts may not speculate regarding Mr. Lee's alleged suicide attempt.*

Defendants have produced no admissible evidence that John Morris Lee, Jr. attempted suicide prior to December 4, 2012, or that the alleged attempted suicide had any link whatsoever to his eventual death due to a seizure on February 24, 2013. Neither Dr. Fowlkes nor Dr. Smith state based on a reasonable medical probability that the alleged attempted suicide had any effect on Mr. Lee at all. Further, any speculation as to why Mr. Lee failed to disclose this information at intake should be prohibited as unreliable. Similarly, any speculation about the general effects of

ingesting rat poison should be prohibited as unreliable. Defendants have no experts qualified to provide such testimony. Any opinions and/or other evidence based thereon should be excluded under Rules 701 and 702 of the Mississippi Rules of Evidence.

Finally, Defendants' reliance on the Singing River Hospital records is misplaced. There is no evidence that, at the time of Mr. Lee's death, that he suffered from any of the maladies symptomatic of ingesting rat poison, or that the quantity of rat poison was found in his blood, if any. The autopsy report shows that all drug and blood test results were negative. See attached **Exhibit "2**," Autopsy Report of John Morris Lee, Jr. (Dorothy.Lee-000253 to Dorothy.Lee-000255.) Defendants have produced no evidence that the alleged ingesting of rat poison contributed in any way to this tragic death. According to the Defendants' experts, Mr. Lee's seizure was as a result of his AVM. (**Exhibit 1**). Therefore, evidence concerning any attempted suicide has no place in this trial. It provides no probative value and is completely irrelevant.

## V. CONCLUSION

A motion *in limine* should be granted if "(1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury." *Whittley v. City of Meridian*, 530 So.2d 1341, 1344 (Miss. 1988). It is clear that any evidence or testimony concerning the alleged suicide attempt is inadmissible under the rules of evidence, procedure, statutes, and both the U.S. and Mississippi Constitutions cited herein, and that the same would confuse and mislead the jury, and unfairly prejudice the Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs move this Court for an Order excluding *in limine*, any testimony, evidence, demonstrative evidence, documents, information, or

arguments regarding the Decedent's allegedly attempting suicide or allegedly ingesting rat poison from the trial of this cause.

Date: January 3, 2017.

Respectfully submitted,

BY: *s/Courtney P. Wilson*
DOUGLAS L. TYNES, JR. (MSB # 101921)
monte@tyneslawfirm.com
COURTNEY P. WILSON (MSB # 103531)
courtney@tyneslawfirm.com
JAMES L. FARRAGUT, III (MSB # 104496)
farragutlawfirm@hotmail.com
*Attorneys for Dorothy Lee, as Wife and Personal Representative of the Wrongful Death Beneficiaries of John Morris Lee, Jr. and Estate of John Morris Lee, Jr.*

CERTIFICATE OF SERVICE

I, COURTNEY P. WILSON, do hereby certify that I electronically filed the above and foregoing *Motion in Limine No. 3: to Exclude Any Mention of John Morris Lee, Jr.'s Threatening or Attempting Suicide* with the Clerk of the Court utilizing the ECF system, which provides notification of said filing to the following:

*Counsel for Jackson County, Mississippi*:
James H. Heidelberg
Stephen W. Burrow
April L. McDonald
Heidelberg, Steinberger, Colmer
& Burrow, P.A.
Post Office Box 1407
Pascagoula MS 39568-1407
Mr. Heidelberg: jheidelberg@hscbpa.com
Mr. Burrow: sburrow@hscbpa.com
Ms. McDonald: amcdonald@hscbpa.com

*Counsel for Jona Crowley, RN*:
Heber S. Simmons III
Matthew L. Harris
Simmons Law Group, P.A.
240 Trace Colony Park Drive, Suite 200
Ridgeland MS 39157

Mr. Simmons: heber@simmonslawgroup.com
Mr. Harris: mharris@simmonslawgroup.com

  SO CERTIFIED on this the 3rd day of January, 2017.

             _s/Courtney P. Wilson_
              COURTNEY P. WILSON


DOUGLAS L. TYNES, JR. (MSB # 101921)
monte@tyneslawfirm.com
COURTNEY P. WILSON (MSB # 103531)
courtney@tyneslawfirm.com
Tynes Law Firm, PA
525 Krebs Avenue (39567)
Post Office Drawer 966
Pascagoula, MS 39568-0966
(228) 769-7736 Telephone
(228) 769-8466 Facsimile

JAMES L. FARRAGUT, III (MSB # 104496)
Farragut Law Firm, P.A.
2119 Old Mobile Highway (39567)
Post Office Box 1543
Pascagoula, MS 39568
farragutlawfirm@hotmail.com
(228) 762-4447 Telephone
(228) 769-9050 Facsimile